■ In the Matter of McLAIN STREET AREA ASSOCIATION et al., Appellants, v BOARD OF APPEALS OF THE TOWN OF BEDFORD, Respondent, and FOUNDATION FOR A CHRISTIAN CIVILIZATION, INC., et al., Intervenors-Respondents. — In a proceeding pursuant to CPLR article 78 to review two determinations of the respondent board of appeals granting a special use permit to each of the

intervenors, the petitioners appeal from so much of a judgment of the Supreme Court, Westchester County (Marbach, J.), dated December 12, 1979, as dismissed the amended petition. Judgment modified, on the law, by deleting the third decretal paragraph thereof and substituting therefor a provision granting the amended petition to the extent that the determination of the respondent board of appeals which granted a special use permit to Charles Laczkoskie is annulled and his application is denied and dismissing the amended petition in all other respects. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The evidence before the board of appeals made clear that the private boarding school for which Charles Laczkoskie sought a special use permit was in fact the project of the Foundation for a Christian Civilization, Inc. (F.C.C.). Indeed, it was virtually conceded at the hearing before the board that the F.C.C. was the actual sponsor of the school and would control its operations. Laczkoskie, on the other hand, was merely its nominal head, acting entirely as an agent for the F.C.C. It is undisputed that the F.C.C., a not-for-profit corporation, did not have authorization as required by law to operate the school in question. (See Not-For-Profit Corporation Law, § 404, subd [d]; Education Law, § 216.) Hence, it was error for the board to have granted the special use permit since, contrary to law, the school was actually to be operated by the F.C.C. As to the permit granted directly to the F.C.C., we agree with Special Term that the board's determination was not without support in the record and therefore must be sustained. We have examined the petitioners' remaining contentions and find them to be without merit. Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.