OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Under sections 421 and 431 of the zoning ordinance, nurseries are permitted uses in an R-2A district with a special use permit and the power to grant such a permit is reserved to the Town Board. When the legislative body reserves to itself the granting of special exceptions it need set forth no standards for the exercise of its discretion (Matter of Larkin Co. v Schwab, 242 NY 330, 334; see Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20), and even if the ordinance sets forth standards, it has not divested itself of the power of further regulation (Rodgers v Village of Tarrytown, 302 NY 115, 123), unless the standards expressed purport to be so complete or exclusive as to *835 preclude the Board from considering other factors without amendment of the zoning ordinance (Matter of 4M Club v Andrews, 11 AD2d 720; Matter of Bar Harbour Shopping Center v Andrews, 23 Misc 2d 894, 900). Except in the latter situation, grant or denial of the permit is left to the “untrammeled, but of course not capricious discretion” of the Board with which the courts may interfere only when it is clear that the Board has acted “solely upon grounds which as matter of law may not control the discretion” of the Board (Matter of Larkin Co. v Schwab, 242 NY, at p 335).
The Board in granting a nursery permit to intervenor did not exceed permissible bounds. The standards governing the Town Board’s action on an application for a special permit use are set forth in section 435 of the ordinance and the definition of “nursery” in section 220 of the ordinance does not preclude the Board from permitting sale and display merely because it makes no mention of the sale and display of nursery products. The fact that commercial sale and display of nursery products is also a permitted use in an NB district does not limit the Board’s “dispensing power” (Matter of Larkin Co. v Schwab, 242 NY, at p 334) with respect to the granting of a nursery permit in an R-2 A district. Nor is the implication that petitioner seeks to draw from the reference to “permitted principal uses” in an R-2A district that a property may contain but one “principal” use, even if accepted, sufficiently clear to preclude the Board from granting the permit.
The standards pertinent to grant of the permit in question are those set forth in section 435. The Board found that as modified by the conditions it imposed those standards were met. Petitioners argue and Special Term held that section 435.3 was violated. They point to the Board’s statement, in imposing its conditions, that “[t]he hours for machinery operation * * * can produce higher noise levels than would be found if the parcels were developed residen-tially” (emphasis supplied). Section 435.3 requires that the Board find that “Operations in connection with any special use will not be more objectionable to nearby properties by reason of noise * * * than would be the operations of any permitted use not requiring a special permit” (emphasis *836 supplied). The Board’s conclusion that noise from interve-nor’s nursery “can produce higher noise levels” does not constitute a finding that it will “be more objectionable.” Its determination that, with the conditions it imposed, inter-venor’s nursery application met the standards of the ordinance is, therefore, neither contrary to those standards nor beyond its discretion.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.