■ In the Matter of RONALD WINNIE, Appellant, v JOSEPH O'BRIEN et al., Constituting the Town of Wilton Zoning Board of Appeals, Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 24, 1990 in Saratoga County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Wilton denying petitioner's request for a special use permit.

On this appeal petitioner contends that his application for a

special use permit was arbitrarily denied by the Zoning Board of Appeals of the Town of Wilton (hereinafter Board). Petitioner is a dentist employed full time at a hospital in the City of Troy, Rensselaer County. His residence is located in a class R-I District in the Town of Wilton, Saratoga County, and he applied to the Board for a special use permit which would allow him to install a dental chair with necessary accessory equipment in one room of his residence for what he claimed would be emergency treatment, involving patient visits at the approximate rate of two or three per week. The Board denied petitioner's application on the ground that the intended use was not for a "true home occupation" under the Town's zoning ordinance and because the character of the residence would be changed by the issuance of the permit. The Board further stated that under the ordinance any type of professional office is not specifically mentioned as a permitted use under "home occupations"; that there are no provisions for any professional office in an R-I residential zone; and that professional offices are permitted uses only in commercial C-1 districts. Supreme Court dismissed the petition for lack of merit.

We reverse and remit to the Board. The fact that professional offices are a permitted use in commercial C-1 districts does not limit the Board's power with respect to granting a special use permit in a R-I district under section 402 of the Town's zoning ordinance. "Home occupations" are listed as a special permit use in section 402 (e) of the ordinance, provided the conditions of section 813 are satisfied, and the definition of "home occupations" in the ordinance is a broad, general one which clearly includes the use proposed by petitioner. Petitioner's request for a special use permit should have been considered by the Board under the provisions of section 813 *(see, Cummings v Town Bd.,* 62 NY2d 833). Since the request was not so considered, the determination of the Board was arbitrary *(see, Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028).

Judgment reversed, on the law, without costs, petition granted to the extent that the determination is annulled and the matter is remitted to respondents for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.