■ In the Matter of PIONEER-EVANS COMPANY, Respondent, v PAUL GARVIN et al., Comprising the Town Board of the Town of Evans, Appellants, and SHEILA J. FLAHERTY et al., Intervenors-Appellants. (Appeal No. 1.) [595 NYS2d 586] —Judgment unanimously reversed on the law with costs and petition dismissed. Memorandum: In November 1991, petitioner applied to the Town Board of the Town of Evans (Board) for a special use permit for the operation of a 50-bed alcohol and chemical rehabilitation facility (facility) on property located in a largely residential area on Old Lake Shore Road in the

Town. After two public hearings, the Town Planning Board recommended that petitioner's application be denied, finding that the proposed use would not be in harmony with the general purposes and intent of the Town's Zoning Law and that petitioner had failed to establish that the proposed use would not alter the essential character of the neighborhood. At the public hearing on February 19, 1992, the Board entertained petitioner's extensive presentation in support of the application and heard significant opposition from the public, including the intervenors, who reside in the neighborhood where the facility would be located. After the public hearing, the Board voted unanimously to deny the application, finding that petitioner had not satisfied the criteria for a special use permit as set forth in section 200-45 (C) of the Town Zoning Law. Petitioner then commenced this CPLR article 78 proceeding.

The classification of a particular use as a use permitted subject to the grant of a special permit constitutes a legislative finding that the use is consistent with the zoning plan, but such classification does not deprive a zoning authority of the discretion to evaluate each special use application *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028, 1029). A zoning authority "retains the power to impose such authentically reasonable conditions to granting the permit as will minimize any undesirable effects the new development might have on the surrounding community (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 246 * * *)" *(Matter of Pleasant Val. Home Constr. v Van Wagner, supra,* at 1029; *see also, Matter of Tandem Holding Corp. v Board of Zoning Appeals,* 43 NY2d 801). The decision to deny an application for a special use permit is discretionary and in reviewing the denial of an application for a special use permit courts will "restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion" *(Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 24; *see also, Cummings v Town Bd.,* 62 NY2d 833, 835).

Supreme Court erred in annulling the denial of the application and directing that petitioner be granted a special use permit. Despite the extent of the presentation offered by petitioner, the record supports the Board's conclusion that petitioner had failed to establish that the proposed facility would not present a hazard to the health, safety or general

welfare, and that it would not change the essential character of the neighborhood or be detrimental to the residents thereof, as required by section 200-45 (C) (3) and (4) of the Zoning Law.

Supreme Court should not have granted the petition for the further reason that petitioner was not an aggrieved party with standing to challenge the action of the Board. Although petitioner made the application for the special use permit, representing that it was a contract vendee, it is apparent from the record that petitioner was never entitled to the permit because it had no legally cognizable interest in the property during the period that the application was before the Board, from November 11, 1991 to February 19, 1992 (see, Matter of McLain St. Area Assn. v Board of Appeals, 82 AD2d 834, 835). The property was owned by the Pious Society of St. Paul (Society), and Tamarack Investors Co. was a contract vendee under a purchase agreement with the Society. Tamarack Investors Co. apparently intended to assign its interest to petitioner, but that assignment, if made, would appear to have been made no earlier than February 24, 1992, five days after the Board rejected the special use permit application.

Finally, petitioner's persistent, evasive and deceptive conduct in dealing with the Board and the general public would alone be sufficient reason to preclude the grant to it of a special use permit (see, Matter of Holy Spirit Assn. for Unification of World Christianity v Rosenfeld, 91 AD2d 190, 201, lv denied 63 NY2d 603; see also, Matter of Bell v Waterfront Commn., 20 NY2d 54, 59). In light of such conduct, together with petitioner's failure to address adequately the effect of the facility on traffic volume and flow, the Board's denial of petitioner's application for a special use permit was reasonable, rational and lawful.

We have not considered petitioner's argument, raised for the first time on appeal, that the denial of its application would violate the Fair Housing Act (42 USC § 3601 et seq.). That issue has not been preserved. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.— Article 78.) Present—Callahan, J. P., Balio, Doerr and Boehm, JJ.