■ In the Matter of JOSHUA H. HEINTZ, Respondent, v HERBERT W. EDWARDS, JR., et al., Constituting the Planning Board of the Town of Skaneateles, Appellants. [604 NYS2d 374] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We agree with Supreme Court that the Planning Board's determination to deny petitioner's request for preliminary plat approval for its proposed subdivision was arbitrary and capricious. It was not necessary for all of respondents' environmental concerns to be finally addressed before the preliminary plat could be approved. The two-stage procedure for subdivision approval, preliminary plat approval and final plat approval, "was intended to fix the broad outlines of the proposed development so that the developer could know where it stood before incurring additional expenses associated with the preparation of the detailed plans involved in final approval" *(Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 372, *affd* 62 NY2d 965). Thus, respondents' concern for the wetlands may be addressed when the drainage plans are submitted with the final plat and when the final environmental impact statement is considered.

Similarly, there was no reason to deny preliminary approval because of the lack of evidence that the Village waste water treatment facility could provide services to the subdivision. The record shows that the treatment plant is operating at only 60% of capacity and there is no reason to believe that the Village would not accept the waste water from the subdivision. Final arrangement for waste water treatment need not be made until the final plat is submitted for approval (Skaneateles Code § 131-7 [D] [4]).

Respondents contend that denial of preliminary plat approval was justified because of the steep road grades at the entrance to the development from Jordan Road, which the Planning Board found should be leveled. That is also a matter that may be resolved in the final plat plan.

Respondents' refusal to grant cluster development pursuant to Town Law § 281 was also arbitrary and capricious. Townhouses are a permitted use under the zoning ordinance that is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243). Moreover, respondents' consultant reported favorably on petitioner's plan for clustering.

Respondents' concern for a buffer zone between the townhouses and the proposed future development of the adjacent commercial area may be met by providing in the final plat for such buffer zone and for effective screening of the rear of any future commercial structures and parking lots.

The judgment is modified, therefore, by conditioning approval of the preliminary plat as indicated above and by providing that the judgment shall not affect the determination approving the draft Environmental Impact Statement filed on June 30, 1988. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Article 78.) Present—Denman, P. J., Callahan, Balio, Boomer and Boehm, JJ.