■ In the Matter of Twin Lakes Farms Associates, Re-

spondent-Appellant, v TOWN CLERK OF THE TOWN OF BEDFORD, Appellant-Respondent. [628 NYS2d 310] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Town Clerk of the Town of Bedford to issue certificates evincing preliminary and final subdivision plat approvals for the petitioner's property, (1) the Town Clerk of the Town of Bedford appeals from so much of (a) a judgment of the Supreme Court, Westchester County (Cowhey, J.), dated April 12, 1993, as held that the petitioner was entitled to preliminary plat approval by operation of law and (b) an order of the same court dated June 10, 1993, as, upon reargument, adhered to the original determination, and (2) the petitioner cross-appeals from so much of the judgment dated April 12, 1993, as held that it was not entitled to final plat approval. The cross appeal brings up for review the order of the same court dated June 10, 1993, which, upon reargument, adhered to the original determination.

Ordered that the appeal and cross appeal from the judgment dated April 12, 1993, are dismissed, without costs or disbursements, as that judgment was superseded by the order dated June 10, 1993, made upon reargument; and it is further,

Ordered that the order dated June 10, 1993, is affirmed, without costs or disbursements.

This case involves applications by the owner of a 99.4-acre parcel of land in the Town of Bedford for preliminary and final subdivision plat approval. On November 26, 1991, the Planning Board of the Town of Bedford conducted a hearing on the application for preliminary subdivision approval. However, although the Board had already accepted a draft environmental impact statement from the owner and had already conducted a public hearing on the statement pursuant to the State Environmental Quality Review Act (hereinafter SEQRA), the Board refused to "close" the hearing. Thereafter, the owner, claiming that the Board had failed to issue a decision within the time limitations of Town Law § 276 (3) and (4), demanded certificates from the Town Clerk evincing approvals of both the preliminary and final subdivision plats. The Supreme Court ruled that the owner was entitled to the former but not the latter; hence, this appeal and cross appeal have followed.

We agree with the owner that its application for preliminary subdivision plat approval was complete *(see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367).

Accordingly, the Board's refusal to issue a decision on the application on the ground that the owner had not yet complied with the entire SEQRA process was in violation of the Town Law § 276 (3) in effect at the time. Thus, the Supreme Court properly found that the owner was entitled to preliminary approval *(see, Matter of Heintz v Edwards,* 198 AD2d 778; *see also, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra).*

However, as the Supreme Court also found, the owner was not yet entitled to final subdivision plat approval because complete compliance with SEQRA was required before such approval *(see,* ECL 8-0109; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson, supra).*

We have considered the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.