■ In the Matter of GORDON & JACK, Appellant, v GREGORY PETERSON et al., Respondents. [646 NYS2d 824] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Hempstead, dated March 15, 1994, denying, after a hearing, the petitioner's application for a special exception permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered June 15, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the resolution is annulled, and the proceeding is remitted to the Town Board of the Town of Hempstead for the purpose of issuing the special exception permit requested by the petitioner, subject to any conditions or restrictions as may be appropriate.

Unlike a variance, a "special permit" or "special exception" allows an owner to use the subject property in a manner expressly permitted by law (*see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501). Such a classification is tantamount to a legislative finding that if the special exception conditions are met, the use is in harmony with the general zoning plan and will not adversely affect the neighborhood and the surrounding areas (*see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892; *Matter of North Shore Steak House v Board of Appeals, supra; Matter of C.B.H. Props. v Rose,* 205 AD2d 686). While the Board of Trustees of the Town of Hempstead (hereinafter the Town Board) was free to consider matters related to the public welfare in determining whether to grant or deny a special exception or permit (*see, Cummings v Town Bd.,* 62 NY2d 833; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510), it could not deny a special exception or permit solely on the basis of generalized objec-

tions and concerns of the neighboring or adjoining community expressed by members thereof, which, in effect, amount to "community pressure" *(see, Matter of Lee Realty Co. v Village of Spring Val., supra).*

Here, local residents and members of the Wantagh-Seaford Homeowners Association complained generally that the proposed use would result in increased problems with parking, traffic and noise. These claims, however, were uncorroborated by any empirical data and were contradicted by the expert opinion submitted by the petitioner that the proposed use was consistent with other retail use. Accordingly, there was insufficient evidence for the Town Board to deny the application, and the petition should have been granted. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.