90 N.Y.2d 1000 (1997)
688 N.E.2d 501
665 N.Y.S.2d 627
In the Matter of Twin County Recycling Corp., Respondent,
v.
Louis Yevoli et al., Comprising the Town Board of the Town of Oyster Bay, Appellants.
Court of Appeals of the State of New York.
Argued September 10, 1997
Decided October 28, 1997.
John Venditto, Town Attorney of Town of Oyster Bay (Anthony J. Sabino of counsel), for appellants.
Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano, P. C., Uniondale (Andrew J. Simons and Anthony S. Guardino of counsel), for respondent.
Chief Judge KAYE and Judges TITONE, BELLACOSA, SMITH, LEVINE, CIPARICK and WESLEY concur.
*1001 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
Petitioner owns premises in an area zoned for industrial use by the Town of Oyster Bay from which petitioner has operated an asphalt recycling plant under a special use permit granted by the Town Board in 1982. The 10-year permit was issued after a negative environmental impact finding, and it provided for a five-year renewal after expiration. In support of its application for renewal, petitioner introduced the special use permit from 1982, along with testimony by experts in the fields of manufacture and recycling of asphalt, traffic and land use *1002 values, and a Supreme Court judgment dismissing a public nuisance claim against petitioner. Petitioner also submitted proof from the Environmental Protection Agency that the plant complies with all applicable governmental regulations.
Opposition to the application came mainly from residents of the bordering neighborhoods who objected to the operation of the plant. Despite complaints by these residents, there has been no finding by the New York State Department of Environmental Conservation  the agency charged with oversight and enforcement responsibilities  that petitioner's facility is in violation of any governmental regulation.
On this record, we agree with the lower courts that respondents' denial of the special use permit is not supported by substantial evidence. The classification of a particular use as permitted in a zoning district is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of North Shore Steak House v Thomaston, 30 N.Y.2d 238, 243) as opposed to a variance which would allow an otherwise prohibited use. While the Town Board still retains some discretion to evaluate each application for a special use permit, to determine whether applicable criteria have been met and to make commonsense judgments in deciding whether a particular application should be granted, such determination must be supported by substantial evidence (Matter of Market Sq. Props. v Town of Guilderland Zoning Bd. of Appeals, 66 N.Y.2d 893, 895; Matter of Pleasant Val. Home Constr. v Van Wagner, 41 N.Y.2d 1028, 1029).
Although scientific or expert testimony is surely not in every case required to support a zoning board determination, the board may not base its decision on generalized community objections (Matter of Pleasant Val. Home Constr. v Van Wagner, supra). Given the present record established by petitioner, it is evident that the application was denied not because it failed to meet the applicable criteria but because of generalized community pressure. The determination was, therefore, properly annulled.
Order affirmed, with costs, in a memorandum.