■ In the Matter of CENTURY CONCRETE CORPORATION, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF SAUGERTIES et al., Respondents. [669 NYS2d 693] —Crew III, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered April 14, 1997 in Ulster County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment to, *inter alia*, review a determination of respondents denying petitioner's request for a building permit.

In April 1996, petitioner filed an application with the Planning Board of the Town of Saugerties seeking approval to build a portable concrete batching plant on a five-acre site located in the Town of Saugerties, Ulster County. The proposed plan included two storage bins with attached ventilators, which exceeded the 30-foot height limitation imposed by the Town's zoning law for structures located in industrial areas. The Planning Board granted conditional site plan approval in July 1996, with the approval conditioned upon receipt of the necessary permits from the Department of Environmental Conservation, a variance for the offending storage bins and curb cut approval.

When petitioner's subsequent application for a building permit was denied based upon the failure to comply with the aforementioned height limitations, petitioner applied to respondent Zoning Board of Appeals of the Town of Saugerties (hereinafter the ZBA) seeking an interpretation of Town of Saugerties Zoning Law § 5.1.2, which sets forth those structures to which the height limitation does not apply. In November 1996, the ZBA issued a resolution finding that petitioner's storage bins did not fall within any of the enumerated exemptions.

Petitioner thereafter commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, *inter alia*, to annul the ZBA's determination. Respondents answered and moved to dismiss, contending that the ZBA's interpretation of the zoning law was reasonable and rational and, further, that petitioner had failed to exhaust its

---

administrative remedies.* Supreme Court granted respondents' motion and this appeal ensued.

We have been advised that during the pendency of this appeal Supreme Court (Bradley, J.) granted a petition brought by neighboring landowners to challenge the Planning Board's decision to grant conditional site approval for petitioner's project. Finding that the Planning Board had failed to comply with certain provisions of the State Environmental Quality Review Act (ECL art 8), Supreme Court annulled the Planning Board's determination. As petitioner no longer has conditional site plan approval for this project (indeed, petitioner advises this Court that it presently has another application pending before the Planning Board), the instant appeal is moot. As we are unable to discern any exception to the mootness doctrine (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715), the appeal must be dismissed.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* Petitioner's application for an area variance, which apparently was denied in June 1997, remained pending at the time petitioner commenced this matter.