■ In the Matter of NICHOLAS GEIBEN et al., Appellants, v TOWN OF POMFRET ZONING BOARD OF APPEALS, Respondent, and VILLAGE OF FREDONIA, Intervenor-Respondent. [688 NYS2d 303] —Judgment unanimously affirmed without costs. Memorandum: Petitioners are the owners of a 33-acre parcel of land in the Town of Pomfret in an area zoned as a Conservation (C1) District. The parcel is adjacent to the Village of Fredonia reservoir. Petitioners applied for a special use permit to construct a single-family dwelling on the western slope of a ridge approximately 200 feet from the reservoir. That application was granted by respondent, Town of Pomfret Zoning Board of Appeals (Board), subject to conditions requiring relocation of the structure to the eastern side of the ridge away from the reservoir. Supreme Court properly denied the petition seeking to annul those conditions.

We reject petitioners' contention that, because the project satisfies the standards set forth in section 410 (E) and section 905 (B) (3) of the Pomfret Township Zoning Law (Zoning Law), the Board was without authority to impose conditions in granting the special use permit. Zoning Law § 905 (B) (2) requires the Board to consider each application for a special use permit on an individual basis, and section 905 (B) (4) (a) authorizes the Board to "attach such conditions and safeguards as it deems appropriate" in such areas as "[s]afety", "[h]ealth" and "[e]nvironmental [p]rotection" (Zoning Law § 601 [B] [2], [3], [6]). With respect to Conservation (C1) Districts, the Board is authorized to "attach such conditions and safeguards as it deems appropriate" (Zoning Law § 905 [B] [4] [a]) "to provide protection for the preservation of * * * watersheds" (Zoning Law § 410 [A]).

The conditions imposed by the Board are within its authority. They relate directly to the use of the land and are designed to protect the reservoir (*see*, Town Law § 274-b [4]; *Matter of Pioneer-Evans Co. v Garvin*, 191 AD2d 1026, 1027). Petitioners began construction without a permit, and thus the Board did not abuse its discretion in granting the special use permit on

the condition that the site be restored to its original state (*see,* Zoning Law § 905 [B] [5] [c]; *Banos v Colborn,* 35 AD2d 281, *affd* 30 NY2d 502).

Petitioners further contend that the record does not substantiate the reasons given by the Board for granting the special use permit subject to conditions. In support of their application, petitioners presented proof that the County Department of Health approved the sewage system and issued the necessary permit and that a professional engineer found that the project would not have any "significant adverse environmental impacts". It is undisputed, however, that petitioners propose to build on the side of a ridge that steeply slopes to the reservoir. They plan to pump sewage from a 1500-gallon septic tank and a 500-gallon effluent tank located 200 feet from the reservoir uphill to an absorption bed and sand bed more than 300 feet away on the other side of the ridge.

State regulations mandate that "all persons living on or visiting the watershed shall refrain from any act * * * which may result in contamination of *any portion* of the water supply" (10 NYCRR 105.3 [g] [emphasis added]). To that end, the regulations prohibit the installation of septic systems within 300 feet of a reservoir and the discharge of pollutants of any kind within 100 feet of a reservoir (*see,* 10 NYCRR 105.3 [d] [1], [2]). The Board was properly concerned with minimizing the danger of any contamination of the water supply. Its decision to condition the grant of the special use permit on the relocation of the building site is reasonable and supported by the undisputed evidence of the physical characteristics of the area. The remaining conditions imposed by the Board are merely incidental to the condition that the residence be built on the east side of the ridge. The evidence presented by petitioners raised at most an issue of fact requiring the exercise of the Board's judgment (*see, Matter of Von Kohorn v Morrell,* 9 NY2d 27, 34). (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—CPLR art 78.) Present—Hayes, J. P., Wisner, Pigott, Jr., Scudder and Callahan, JJ.