■ In the Matter of HOLBROOK ASSOCIATES DEVELOPMENT Co., Appellant, v PETER McGOWAN et al., Respondents. [690 NYS2d 686] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Islip, dated November 6, 1997, which, after a hearing, denied the petitioner's application for a special use permit for expansion of an existing restaurant to accommodate a bar, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated April 24, 1998, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination annulled, and

the matter is remitted to the Town Board of the Town of Islip for the purpose of issuing a permit in accordance herewith, upon such reasonable conditions as it may deem appropriate.

The petitioner is the owner of property located in a Business 3 use district in the Town of Islip. In May 1997 it applied for a special use permit to allow its lessee to expand the existing restaurant to accommodate a bar, a conditionally-permitted use, on the premises. Following consideration of the application by the town planning board, a public hearing was held on November 6, 1997, before the Town Board of the Town of Islip, which denied the application. The petitioner was informed that the special use permit was denied because the use was characterized by "late hour noise, outdoor congregation, conversation and vehicular movements, rubbish, and odors". The petition to annul this determination pursuant to CPLR article 78 was subsequently denied on the ground that the Town Board's decision was based on substantial evidence. We disagree and reverse.

The special use exception is tantamount to a legislative finding that, if the special exception conditions are met, such use is in harmony with the general zoning plan and will not adversely affect the neighborhood and the surrounding areas (see, Matter of North Shore Steak House v Board of Appeals, 30 NY2d 238, 243). The administrative authority is required to grant a special use permit unless reasonable grounds exist for its denial, e.g., that the use, although permitted, is not desirable at a particular location (see, Matter of Carrol's Dev. Corp. v Gibson, 73 AD2d 1050, affd 53 NY2d 813). Further, denial of a special use permit may not be based upon general objections to the special use or conclusory findings that the proposed use itself is undesirable (see, Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028).

The Town Board's resolution denying the permit does not contain reasonable grounds for denying the permit. The main reason set forth in the Town Board's resolution, that the use is characterized by late hour noise, outdoor congregation, conversation, vehicular movement, rubbish and odors, amounts to an objection to the nature of the use itself. A restaurant/bar is a permitted use, and since the foregoing characteristics are inherent in the operation of such a business, this reason for denying the permit is without merit. It is tantamount to finding that a restaurant/bar is an undesirable use, which conclusion runs contrary to the zoning plan permitting such use (see, Matter of North Shore Steak House v Board of Appeals, supra). In addition, the Town Board's determination appears to have

been impermissibly based, in part, upon the generalized objections and concerns expressed by members of the adjoining residential neighborhood (*see, Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals,* 131 AD2d 481).

In light of the foregoing, the Board's denial of the permit was arbitrary and capricious (*see, Matter of North Shore Steak House v Board of Appeals, supra*) and therefore, Supreme Court erred in denying the petition. Sullivan, J. P., Krausman, Florio and Smith, JJ., concur.