■ In the Matter of RETAIL PROPERTY TRUST, Appellant, v BOARD OF ZONING APPEALS OF TOWN OF HEMPSTEAD, Respondent, and INCORPORATED VILLAGE OF GARDEN CITY et al., Intervenors-Respondents. [722 NYS2d 244] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead dated March 24, 1999, denying the petitioner's application for a special exception permit, the appeal is from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated November 30, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated March 24, 1999, is annulled, and the matter is remitted to the Board of Zoning Appeals of the Town of Hempstead to conduct a review pursuant to the New York State Environmental Conservation Law, and thereafter to issue a new determination with respect to the special exception permit.

A special use exception, unlike a variance, is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243). "Zones which qualify for special exception permits represent a threshold legislative acceptance that the specified use accords with the general municipal zoning plan * * * Unlike the unnecessary hardship standard governing variances, a special exception permit is available upon a showing of compliance with legislatively imposed conditions pertaining to the intended use" (*Matter of Wegmans Enters. v Lansing,* 72 NY2d 1000, 1001). Where the town board or other legislative body reserves to itself the power to grant special exceptions, "grant or denial of the permit is left to the 'untrammeled, but of course not capricious discretion' of the Board with which courts may interfere only when it is clear that the Board has acted 'solely upon grounds which as a matter of law may not control' " (*Cummings v Town Bd.,* 62 NY2d 833, 835, quoting *Matter of Larkin Co. v Schwab,* 242 NY 330, 335). In such cases therefore, a town board is free to consider matters related to the public welfare and the only limitation upon the exercise of its discretion is that its determination must not be arbitrary or capricious, and must be supported by substantial evidence (*see, Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510; *see also, Matter of North Shore Steak House v Board of Appeals*, at 244 [applicant had only shown that use was contemplated by ordinance "subject only to 'conditions' attached to its use to minimize its impact on the surrounding area"]; *Matter of Old Court Intl. v Gulotta,* 123 AD2d 634, 635; *Green v Lo Grande,* 96 AD2d 524). It is impermissible however, for a town board to deny a special exception or permit solely on the basis of generalized objections and concerns of the surrounding community members (*see, Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1003; *Matter of Old Court Intl. v Gulotta, supra,* at 636).

In this case, the determination of the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) deny-

ing the special exception permit was arbitrary and capricious. Although there was strong community opposition to the expansion of the Roosevelt Field Mall to include a Saks Fifth Avenue store, the Board's findings that said expansion would be detrimental to the area due to the increased noise, traffic, and diminution of air quality were not supported by substantial evidence. The generalized complaints of the residents as to, among other things, increased traffic, and the summary criticisms of the experts who testified on behalf of the Village of Garden City, were uncorroborated by any empirical data, and thus, insufficient to counter various expert opinions based upon traffic and air quality analyses (*see, Matter of Twin County Recycling Corp. v Yevoli, supra,* at 1003; *Matter of Holbrook Assocs. Dev. Co. v McGowan,* 261 AD2d 620, 621-622; *Matter of Chernick v McGowan,* 238 AD2d 586, 587; *Matter of Gordon & Jack v Peterson,* 230 AD2d 856, 857; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501, 502; *Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals,* 131 AD2d 481, 482). Therefore, there was no basis in the record for the Board to deny the petitioner's application.

However, because the Board did not conduct a review pursuant to the Environmental Conservation Law (hereinafter SEQRA), we are not empowered to grant the special exception permit in its absence (*see,* ECL 8-0109). Accordingly, we remit the matter to the Board to conduct a SEQRA review.

In light of our determination, we do not consider the petitioner's remaining contentions. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.