■ In the Matter of EMELIANO F. NISCO, Appellant, v TOWN OF PERINTON ZONING BOARD OF APPEALS, Respondent. [722 NYS2d 655] —Judgment unanimously reversed on the law without costs, petition granted and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Supreme Court erred in dismissing the CPLR article 78 petition that sought to annul the determination denying petitioner's application for a special permit. Petitioner sought the special permit in order to store his recreational vehicle in his driveway. In a prior appeal, we modified the judgment by annulling the determination upholding the denial of petitioner's application for a special permit, based on the failure of respondent to articulate its reasons for denying the petition. We remitted the matter to respondent "for redetermination of the application and, if it is so advised, to issue a permit subject to special conditions" (*Matter of Concerned Citizens of Perinton v Town of Perinton,* 261 AD2d 880, *appeal dismissed* 93 NY2d 1040, *lv denied* 94 NY2d 756, *cert denied sub nom. Nisco v Town of Perinton,* 529 US 1111). Upon remittal, respondent again denied the application. Although respondent articulated reasons for its determination, we conclude that the determination is not supported by substantial evidence in the record (*see, Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894) and is arbitrary and capricious and an abuse of discretion (*see, Matter of Pioneer-Evans Co. v Garvin,* 191 AD2d 1026, 1027).

Section 201-4 (B) of the Code of the Town of Perinton (Town Code) permits the storage of one recreational vehicle in the owner's driveway if the vehicle is less than nine feet in height and less than 20 feet in length; petitioner's recreational vehicle is 10 feet 3 inches in height and is 24 feet in length. "The inclusion of [the storage of a recreational vehicle in a driveway] among uses permitted in the zoning district is tantamount to a legislative determination that the use is in harmony with the general zoning plan and will not be detrimental to the sur-

rounding area" (*Neddermeyer v Town of Ontario Planning Bd.,* 155 AD2d 908, 909). Although respondent determined that the presence of the recreational vehicle, which has been parked in the driveway since 1986, is "aesthetically unpleasing" to the owners of the property adjacent to the west of petitioner's property, respondent failed to consider much of the evidence presented by petitioner and discounted other evidence that was uncontroverted.

We conclude that petitioner met his burden of establishing that the special use is in harmony with the intent and purpose of the Town Code, i.e., it would not tend to depreciate the value of adjacent property, would not create a hazard to health, safety or general welfare, would not be detrimental to the flow of traffic in the vicinity, and would not alter the essential character of the neighborhood or be detrimental to the residents thereof (*see,* Town Code § 208-54 [A] [1]-[5]). We therefore reverse the judgment, grant the petition and remit the matter to respondent to grant the special permit allowing petitioner to store his recreational vehicle in the driveway "subject to such reasonable conditions as [respondent] finds necessary to impose" (*Matter of Lee Realty Co. v Village of Spring Val., supra,* at 894). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—CPLR art 78.) Present— Green, J. P., Pine, Hayes, Scudder and Burns, JJ.