■ In the Matter of HUDSON RESOURCES, INC., et al., Appellants, v JOHN VENDITTO et al., Respondents. [723 NYS2d 508] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Oyster Bay, dated July 20, 1999, which, after a hearing, denied the petitioners' application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated February 8, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Town Board of the Town of Oyster Bay for the purpose of issuing a permit in accordance herewith, upon such reasonable conditions as it may deem appropriate.

The petitioners Sunrise Mall Associates and Sears Roebuck & Co. applied to the Town Board of the Town of Oyster Bay (hereinafter the Town Board) for a special use permit to

construct and operate a Sears Auto Center in the Sunrise Mall. The Town Department of Planning & Development considered the application and recommended that the Town Board approve it. On March 23, 1999, after a public hearing, the Town Board denied the application because "the proposed auto center would create hazardous traffic conditions." Thereafter, the petitioners commenced the instant proceeding pursuant to CPLR article 78 to review that determination. The Supreme Court, Nassau County, denied the petition and dismissed the proceeding on the ground that the Town Board's determination was supported by substantial evidence. We reverse.

"The special use exception is tantamount to a legislative finding that, if the special exception conditions are met, such use is in harmony with the general zoning plan and will not adversely affect the neighborhood and the surrounding areas (*see, Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 243)" (*Matter of Holbrook Assocs. Dev. Co. v McGowan,* 261 AD2d 620, 621; *see also, Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002). "While the Town Board still retains some discretion to evaluate each application for a special use permit, to determine whether applicable criteria have been met and to make commonsense judgments in deciding whether a particular application should be granted, such determination must be supported by substantial evidence" (*Matter of Twin County Recycling Corp. v Yevoli, supra,* at 1002). Contrary to the Supreme Court's determination, the Town Board's denial of the petitioners' application was impermissibly based on generalized community objections (*see, Matter of Twin County Recycling Corp. v Yevoli, supra*; *Matter of Holbrook Assocs. Dev. Co. v McGowan, supra*). Therefore, the petition should have been granted. S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.