■ In the Matter of MIAN ENTERPRISES, INC., Respondent, v JACK EASA, as Acting Chairman of the Town of Hempstead

Board of Zoning Appeals, et al., Appellants. [738 NYS2d 248] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Hempstead Board of Zoning Appeals, dated September 29, 1999, which, after a hearing, denied the petitioner's applications for special use permits and area variances to erect a two-lane drive-thru restaurant, the appeal is from a judgment of the Supreme Court, Nassau County (McCabe, J.), entered October 19, 2000, which granted the petition, annulled the determination, and remitted the matter to the Town of Hempstead Board of Zoning Appeals with directions to grant the special use permits and area variances.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

Contrary to the Supreme Court's determination, the Town of Hempstead Board of Zoning Appeals correctly denied the petitioner's application for special use permits and area variances. The denial of the petitioner's application was rationally based and supported by substantial evidence despite the differing opinions of the parties' experts concerning the proposed restaurant's effects on the surrounding community (*see, Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000; *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801).

In light of our determination, we need not address the appellants' remaining contentions. Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.