■ In the Matter of THOMAS A. HANNAFEY et al., Appellants, v BOARD OF TRUSTEES OF VILLAGE OF MALVERNE, Respondent. [741 NYS2d 721] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Malverne, dated September 21, 2000, which, after a hearing, denied the petitioners' application for a special exception permit, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Joseph, J.), dated March 13, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The reviewing court in a proceeding pursuant to CPLR article 78 will not substitute its judgment for that of the local Village Board unless it clearly appears to be arbitrary, capricious, or contrary to the law (*see Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20; *see also Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 281 AD2d 549; *Matter of Unal v Peterson,* 261 AD2d 551). Here, the denial of the petitioners' application was rationally based and, accordingly, the proceeding was properly dismissed (*see Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801; *Matter of Marriott Corp. v Rose,* 168 AD2d 682; *Matter of Dausey v Kelley,* 137 AD2d 686; *Matter of Wen & Liz Realty Corp. v Town of Hempstead Bd. of Zoning Appeals,* 94 AD2d 182).

The petitioners' remaining contentions are without merit. Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.