■ In the Matter of SNAKE HILL CORP., Respondent, v TOWN BOARD OF THE TOWN OF CLARKSTOWN et al., Appellants. [757

NYS2d 484] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Clarkstown, dated September 25, 2001, which, after a hearing, denied the petitioner's application for a special use permit, the appeal is from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated March 27, 2002, which granted the petition, annulled the determination, and remitted the matter to the Town Board of the Town of Clarkstown to issue a special use permit subject to the imposition of reasonable conditions.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

While the burden on an applicant for a special use permit is lighter than that carried by an applicant for a zoning variance, a town board still retains discretion to evaluate each application for a special use permit (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 196 [2002]; *Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002 [1997]). Where the relevant ordinance contains standards for the issuance of a special use permit that do not purport to be exclusive, which is the case here, "the question of whether [the town board] should issue a permit is left to its untrammeled discretion, so long as the discretion is not exercised capriciously" (*Matter of Shell Oil Co. v Farrington,* 19 AD2d 555, 556 [1963]). Under the circumstances of this case, we cannot conclude that the determination of the Town Board of the Town of Clarkstown lacks a rational basis in the record or is arbitrary, capricious, or illegal. Feuerstein, J.P., H. Miller, Townes and Rivera, JJ., concur.