MKA REALTY CORP., Plaintiff–
Appellant,

v.

The TOWN OF WALLKILL, the Planning Board of the Town of Wallkill, Dennis C. Cosgrove, Individually and as Supervisor of the Town of Wallkill, Howard Mills, as Supervisor of the Town of Wallkill, Thomas Nosworthy, Individually and as Supervisor of the Town of Wallkill and as prior Councilman of the Town of Wallkill, Irma R. Sattarelle, Individually and as Town Clerk of the Town of Wallkill, Carol Kelly, Individually and as Town Clerk of the Town of Wallkill, Robert Brennan, Individually and as Councilman of the Town of Wallkill, Ernest Green, Individually and as Councilman of the Town of Wallkill, Joseph Moliterno, Individually and as Chairman of the Planning Board of the Town of Wallkill, Bernard Levy, Individually and as a Member of the Planning Board of the Town of Wallkill, Ellen Mary, Individually and as a Member of the Planning Board of the Town of Wallkill, Thomas Hamilton, Individually and as a Member of the Planning Board of the Town of Wallkill, Gary Lake, Individually and as a Member of the Planning Board of the

Town of Wallkill, Richard D. McGoey, Individually and as the Engineer of the Town of Wallkill, Defendants–Appellees.

Docket No. 02–9337.

United States Court of Appeals, Second Circuit.

Nov. 13, 2003.

Joseph A. Maria, White Plains, NY, for Appellant.

Monte J. Rosenstein, Middletown, NY. Kathleen A. Mishkin, Newburgh, NY, for Appellees.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## AMENDED SUMMARY ORDER

### I.

MKA Realty Corporation appeals from the judgment of the U.S. District Court for the Southern District of New York, dated October 10, 2002, granting the defendants' motion for summary judgment.

This is a case about a proposed housing development that has so far failed to win approval of local officials. In January 1988, MKA Realty Corp. ("MKA") purchased 103.89 acres of unimproved land in Wallkill, New York ("Wallkill") for approximately $1 million. From at least this event, it has been MKA's intention to build a major housing development on the property, including about 150 single-family homes and 160 "garden apartments".

It is not clear from the record on what precise date MKA made Wallkill aware of its plans for the property. In any event, the first formal meeting between MKA and the Wallkill Planning Board took place in November 1989. From that day to this, Wallkill has withheld final approval of the project, and it remains unconstructed.

Wallkill has premised its refusal on a number of concerns about the extent to which a housing development of such size would tax the resources of the town. Specifically, Wallkill has raised concerns about the town's ability to provide a full range of municipal services to the eventual residents of the MKA development, including schooling, police and fire protection, and water and sewer service. Another concern has been traffic congestion, especially with respect to the willingness of MKA to build, or to provide for the building of, "the Bert Crawford Extension", a road intended to alleviate traffic problems caused by the arrival of presumably hundreds of new residents within Wallkill's borders.

The Planning Board's first formal rejection of the MKA development came in November 1996. This refusal sparked MKA's filing of an action in New York State Supreme Court, Orange County, seeking relief under Article 78 of New York's Civil Practice Law and Rules. Upon receiving two further Planning Board decisions, which it considered too conditional to warrant beginning construction of the housing development, MKA then filed two subsequent Article 78 actions. A fourth Article 78 action remains pending, even though it appears that MKA has no current application for approval before the Planning Board.

### II.

The magistrate judge's opinion is well reasoned and we affirm it in full. MKA brings two claims that may have some merit, a substantive due process claim and an equal protection claim, both brought pursuant to the Fourteenth Amendment of the U.S. Constitution. But whatever the claim, MKA's argument stands or falls on its numerous assertions that Wallkill has not only acted in an irresponsible fashion—through years of acting pursuant to a "delay and denial mode", as MKA puts it—but in an *unconstitutional* fashion because the town has supposedly continued to

block development in the face of three Article 78 proceedings that have ordered it to allow development. We cannot agree.

■ As to the substantive due process claim, "a plaintiff must show both (1) that he had a valid property interest in the granting of the permit [to build], and (2) that the defendants infringed that property interest in an arbitrary or irrational manner." *Harlen Associates v. Inc. Village of Mineola,* 273 F.3d 494, 503 (2d Cir.2001). Our decision in *Harlen Associates* set forth the contours of the first prong of this standard as follows:

> A "legitimate claim of entitlement" exists where, under applicable state law, "absent the alleged denial of due process, there is either a certainty or a very strong likelihood that the application would have been granted." *Walz v. Town of Smithtown,* 46 F.3d 162, 168 (2d Cir.1995) (quoting *Yale Auto Parts v. Johnson,* 758 F.2d 54, 59 (2d Cir. 1985)).
>
> ... Under New York law, [a zoning board] has the power to grant and deny special use permits within its " 'untrammeled, but of course not capricious discretion ... with which courts may interfere only when it is clear that the [b]oard has acted *solely* upon ground which as a matter of law may not control.' " *Retail Prop. Trust v. Board of Zoning Appeals of Hempstead,* 281 A.D.2d 549, 722 N.Y.S.2d 244, 246 (2d Dep't 2001) (quoting *Cummings v. Town Bd. of N. Castle,* 62 N.Y.2d 833, 477 N.Y.S.2d 607, 466 N.E.2d 147 (N.Y. 1984)).

*Id.* at 504 (emphasis supplied). In the course of the Article 78 proceedings, Wallkill has certainly come under criticism from state judges for the manner in which it has handled MKA's application, and for certain of the grounds it has cited as warranting the denial of the application. But these judges have not found that Wallkill has acted solely on impermissible grounds. MKA's substantive due process claim therefore fails.

■ MKA bases its equal protection claim on the bare assertion that Wallkill has selectively enforced its zoning regulations to MKA's detriment. "To prevail on a claim of selective enforcement, plaintiffs in this Circuit traditionally have been required to show both (1) that they were treated differently from other similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Harlen Associates,* 273 F.3d at 499 (quotation omitted). MKA's equal protection claim therefore fails because it points to no evidence that Wallkill has ever given a better deal to other developers. MKA requests further discovery, but doesn't even hint at what additional information it might uncover regarding what it terms Wallkill's "selective enforcement" of its zoning regulations.

We have considered MKA's additional arguments, and believe them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**