■ In the Matter of SOUTHSIDE ACADEMY CHARTER SCHOOL et al., Appellants, v CITY OF SYRACUSE et al., Respondents. (Appeal No. 1.) [821 NYS2d 529]—Appeal from a judgment of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered July 7, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

■ In the Matter of SOUTHSIDE ACADEMY CHARTER SCHOOL et al., Appellants, v CITY OF SYRACUSE et al., Respondents. (Appeal No. 2.) [821 NYS2d 738]—

Appeal from a judgment of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered December 1, 2005 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law

without costs, the petition is granted and the matter is remitted to respondent City of Syracuse Planning Commission for further proceedings in accordance with the following memorandum: Before us are two appeals by petitioners in separate CPLR article 78 proceedings commenced by them to challenge the determinations of respondent City of Syracuse Planning Commission (Commission) denying the successive applications of petitioners for resubdivision of real property and for site plan approval of their proposal for the construction in respondent City of Syracuse of a new building to house an existing charter school run by petitioners. The second of the two sets of applications represented petitioners' attempt, by means of multiple design changes, to satisfy the concerns expressed by the Commission in its determination denying petitioners' initial application for site plan approval.

We conclude that appeal No. 1, by which petitioners challenge the determinations denying their initial set of applications, has been rendered moot by petitioners' submission of an entirely new proposed school design and second set of applications and the Commission's determinations denying those later applications, and we dismiss the first appeal accordingly (*see Matter of Century Concrete Corp. v Zoning Bd. of Appeals of Town of Saugerties*, 248 AD2d 787, 788 [1998]; *see generally Matter of Citizens Against Sprawl-Mart v Planning Bd. of City of Niagara Falls*, 8 AD3d 1052, 1053 [2004]; *Bonded Concrete v Town of Saugerties*, 282 AD2d 900, 904 [2001], *lv dismissed* 97 NY2d 653 [2001]).

Concerning appeal No. 2, we conclude that Supreme Court erred in dismissing the petition seeking to annul the determinations denying petitioners' second set of applications for site plan approval and for resubdivision of the property. The determinations of the Commission to deny petitioners' second set of applications were illegal, arbitrary and capricious, and irrational on the record before it (*see Matter of W.K.J. Young Group v Zoning Bd. of Appeals of Vil. of Lancaster*, 16 AD3d 1021, 1022 [2005]; *see generally Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Violet Realty, Inc. v City of Buffalo Planning Bd.*, 20 AD3d 901, 902 [2005], *lv denied* 5 NY3d 713 [2005]; *Matter of Wilcove v Town of Pittsford Zoning Bd. of Appeals*, 306 AD2d 898, 899 [2003]). The Commission impermissibly based its determination denying the application for site plan approval on certain design features of the proposal—or associated activities—that are intrinsic to a school building or educational use of real property (*see Matter of Ronsvalle v Blumenthal*, 144 AD2d 766, 767 [1988]; *Syracuse Bros. v Darcy*, 127 AD2d 588,

589 [1987]; *see also Matter of Holbrook Assoc. Dev. Co. v Mc-Gowan*, 261 AD2d 620, 621 [1999], *lv denied* 93 NY2d 817 [1999]). Citing such inherent design features "amounts to an objection to the nature of the use itself" and a finding that the school use is an "undesirable use" of the property, "which conclusion runs contrary to the zoning [ordinance] permitting such use" (*Holbrook Assoc. Dev. Co.*, 261 AD2d at 621, citing *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]). Indeed, the inclusion of schools among the uses explicitly permitted within the zone is "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*North Shore Steak House*, 30 NY2d at 243; *see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of Nisco v Town of Perinton Zoning Bd. of Appeals*, 281 AD2d 926, 926-927 [2001]; *Matter of Heintz v Edwards*, 198 AD2d 778, 779 [1993]). Because it was the very nature of a school, and not the particular features of petitioners' proposal or design, to which the Commission objected (*see Matter of Cornell Univ. v Beer*, 16 AD3d 890, 893-894 [2005]), the determinations must be annulled (*see Holbrook Assoc. Dev. Co.*, 261 AD2d at 621). We therefore reverse the judgment, grant the petition and remit the matter to the Commission with the directive to grant the second set of applications for site plan approval and resubdivision of the property as submitted or with such reasonable conditions and restrictions as the Commission may deem directly related to and incidental to the site plan (*see* General City Law § 27-a [4]; Syracuse Zoning Rules and Regulations, part C, § I, art 10; *see generally Nisco*, 281 AD2d at 926-927; *Holbrook Assoc. Dev. Co.*, 261 AD2d at 621). Present—Scudder, J.P., Kehoe, Gorski, Smith and Pine, JJ.