In the Matter of 31 COMMERCE STREET, LLC, Appellant, v GEORGE O. DARDEN et al., Respondents. [855 NYS2d 673]—

In a proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of Spring Valley, dated February 28, 2006, which denied the petitioner's application for a special use permit, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated

December 12, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

After a public hearing, the Board of Trustees of the Village of Spring Valley (hereinafter the Board) denied the petitioner's application for a special use permit for the construction of a parking lot for the overnight storage of buses 40 feet in length. The petitioner commenced a CPLR article 78 proceeding, and by order dated February 15, 2006, the Supreme Court, Rockland County (Nelson, J.), remitted the matter to the Board to set forth the grounds for the denial of the application.

By resolution dated February 28, 2006, the Board reaffirmed the denial, finding that the operation of the buses on the streets adjacent to the property would violate the Village of Spring Valley Code § 249-18 (D) (6), which restricts vehicles in excess of 30 feet long from Village streets, with certain exceptions inapplicable to the instant dispute. The petitioner then commenced the instant CPLR article 78 proceeding. The Supreme Court denied the petition and dismissed the proceeding, finding that the size of the petitioner's buses was a rational basis for denial of the petition. We affirm.

While the burden on an applicant for a special use permit is lighter than that carried by an applicant for a zoning variance, the Board still retains discretion to evaluate each application for a special use permit (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of Snake Hill Corp. v Town Bd. of Town of Clarkstown*, 304 AD2d 670 [2003]). A reviewing court will not substitute its judgment for that of the Board unless it appears to be arbitrary, capricious, or illegal, or was not rationally based (*see Matter of MacGregor v Derevlany*, 7 AD3d 624 [2004]; *Matter of Hannafey v Board of Trustees of Vil. of Malverne*, 294 AD2d 365 [2002]). Here, the denial of the application was rationally based on the petitioner's inability to legally operate its 40-feet long buses on the streets adjacent to its property (*see Matter of Mian Enters. v Easa*, 291 AD2d 559 [2002]; *Matter of Unal v Peterson*, 261 AD2d 551 [1999]).

Contrary to the petitioner's contention, it was given a meaningful opportunity to be heard on its application, as no evidence was presented at the hearing that the petitioner was not given the opportunity to address (*cf. Matter of Hampshire Mgt. Co. v Nadel*, 241 AD2d 496 [1997]; *Matter of Sunset Sanitation Serv. Corp. v Board of Zoning Appeals of Town of Smithtown*, 172 AD2d 755 [1991]). The Board did not err in failing to re-

open the hearing upon remittitur from the Supreme Court, as it was mandated only to set forth the grounds for denial of the application (*see Matter of Trager v Kampe*, 16 AD3d 426 [2005]; *Wiener v Wiener*, 10 AD3d 362 [2004]).

The parties' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.