Matter of Maxver LLC v Council of the City of N.Y. (2020 NY Slip Op 03982)





Matter of Maxver LLC v Council of the City of N.Y.


2020 NY Slip Op 03982


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11819 160647/18

[*1] In re Maxver LLC doing business as Calle Dao Chelsea, Petitioner-Respondent,
v
The Council of the City of New York, Respondent-Appellant.


Georgia M. Pestana, Acting Corporation Counsel, New York (Jamison Davies of counsel), for appellant.



Judgment (denominated an order), Supreme Court, New York County (Carol R. Edmead, J.), entered February 22, 2019, which granted the petition to annul a determination of respondent The Council of the City of New York (The Council), dated November 15, 2018, disapproving petitioner's application for a revocable consent to operate an unenclosed sidewalk café, ordered the Council to grant petitioner a revocable consent to operate an unenclosed sidewalk café, and denied respondent's cross motion to dismiss the petition, unanimously reversed, on the law, without costs, the petition denied, the cross motion granted and the proceeding brought pursuant to CPLR article 78 dismissed.
The Council's determination disapproving the petition for a new revocable consent to establish, maintain and operate an unenclosed sidewalk café had a rational basis in the record and was not arbitrary and capricious (see Cummings v Town Bd. of N. Castle, 62 NY2d 833 [1984]). Having reserved for itself the authority to either grant or deny a petition for revocable consent without delineating standards for the exercise of its own discretion (see Administrative Code § 20-226), The Council is not bound by the standards set forth in the New York City Zoning Resolution addressing unenclosed sidewalk cafés which circumscribed the Department of Consumer Affairs' review (see Matter of Liska NY, Inc. v City Council of the City of N.Y., 134 AD3d 461 [1st Dept 2015], lv denied 27 NY3d 912 [2016]; see also Cummings at 834). The Council providently exercised its discretion in denying the petition based upon evidence concerning problems specific to this petitioner and location, and the denial was not based on generalized community objections to sidewalk cafés (cf. Matter of Pleasant Val. Home Constr. v Van Wagner, 41 NY2d 1028, 1029 [1977]; Matter of PDH Props. v Planning Bd. of Town of Milton, 298 AD2d 684, 686-687 [3d Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK