◼ In the Matter of NECKER POTTICK, FOX RUN WOODS BUILDERS CORP., Appellant, v THOMAS J. DUNCAN, as Chairman of the Zoning Board of Appeals of the Town of Oyster Bay, et al., Respondents. [673 NYS2d 740] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated May 9, 1996, which,

after two hearings, denied the petitioner's applications for variances, the petitioner appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Adams, J.), dated April 18, 1997, as denied the petition insofar as it sought a variance for Section 25, Block 4, Lot 307 of the Nassau County Tax Map.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the determination of the Zoning Board of Appeals of the Town of Oyster Bay denying the application for a variance in connection with Section 25, Block 4, Lot 307 of the Nassau County Tax Map is annulled, and the application is granted.

The petitioner, Necker Pottick, Fox Run Woods Builders Corp., is the contract vendee of the subject property, Section 25, Block 4, Lot 307 of the Nassau County Tax Map, whose frontage is located on the south side of Baylis Place, 200 feet west of Berry Hill Road, in Syosset. The petitioner seeks review of the determination of the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter Zoning Board) which denied its application for a frontage variance necessary to develop the parcel with a one-family dwelling in character with the community and which complies with all other restrictions such as setback, building area and height requirements, and building codes. Further, the petitioner asserted that it is entitled to a building permit, as a matter of right, pursuant to the single and separate ownership provision of the Town Code of the Town of Oyster Bay due to a gap parcel that separates Lot 307 and Lot 407.

The Zoning Board concluded that because no third-party ownership of the gap parcel was proved by the petitioner, Lot 307, which was held in identical ownership with adjacent Lot 407, was a substandard plot that had merged in fee with Lot 407 according to Town of Oyster Bay Code § 246-137 and thus, Lot 307 did not qualify for single and separate status and a frontage variance as a matter of right.

Without reaching whether the trial court properly determined that the petitioner did not establish its entitlement to the frontage variance as a matter of right under the single and separate ownership exception (Town of Oyster Bay Code § 246-137), we find that the petitioner's application for a frontage variance should have nevertheless been granted because the record does not contain any evidence to support the Zoning Board's determination that the benefits to the petitioner were outweighed by "the detriment to the health, safety and welfare of the neighborhood or community" (Town Law § 267-b [3] [b]; see also, Matter of Sasso v Osgood, 86 NY2d 374).

At bar, the Zoning Board merely reiterated the prongs of the Town Law § 267-b (3) balancing test without stating the specific facts or reasons that it relied upon in making its determination to deny the petitioner's application for a frontage variance. Further, the only opposition presented in this case was the generalized grievances of a group of neighboring property owners. Further, this civic opposition was not based on facts, but on the weight of numbers, i.e., how many neighboring property owners were in opposition. As such, the mere presence of community opposition or the unsupported conclusory allegations voiced by the neighboring property owners does not justify the denial of the variance application (*Matter of Markowitz v Town Bd.*, 200 AD2d 673; *Matter of Pilato v Zoning Bd. of Appeals*, 155 AD2d 864; *Matter of Veysey v Zoning Bd. of Appeals*, 154 AD2d 819).

The petitioner, on the other hand, submitted the study of a licensed real estate appraiser, with 21 years of experience in the field, who had examined the subject property, Lot 407, and the surrounding community and concluded that the minor frontage variance would be in character with the community and would not impact the physical or environmental character of the neighborhood or affect property values. In addition, the petitioner submitted area maps indicating numerous other similar and substantial variances issued by the Zoning Board in the immediate area. The Zoning Board's determination was not supported by substantial evidence that the benefit to the petitioner outweighed the detriment to the health, safety, and welfare of the community and accordingly, the variance should be granted (*see*, Town Law § 267-b [3]; *see, e.g., Matter of Marcello v Humenick*, 222 AD2d 677; *Cange v Scheyer*, 146 AD2d 594; *Matter of Lanzilotta & Teramo Dev. Corp. v Lazarus*, 127 AD2d 767; *Matter of Freese v Levitan*, 117 AD2d 805).

In light of our determination, it is unnecessary to reach the parties' remaining argument. Santucci, J. P., Joy, Florio and McGinity, JJ., concur.