■ In the Matter of MICHAEL BUCKLEY, Respondent, v AMITYVILLE VILLAGE CLERK et al., Appellants. [694 NYS2d 739] —In a

proceeding pursuant to CPLR article 78 to review a determination of the Village of Amityville Planning Board, dated June 19, 1997, which denied the petitioner's application to subdivide his real property, and a determination by the Village of Amityville Zoning Board of Appeals, dated December 22, 1997, which denied the petitioner's application for a variance to modify the frontage requirements of the two proposed nonconforming lots, the appeal is from a judgment of the Supreme Court, Suffolk County (Berler, J.), dated July 15, 1998, which annulled the determinations, directed the Amityville Village Clerk to issue a certificate for the subdivision of the petitioner's real property into two lots, and directed the Village of Amityville Zoning Board of Appeals to issue a variance reducing the required frontage on the two lots from 75 feet to 70 feet.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner, Michael Buckley, is the owner of certain real property in the Village of Amityville in Suffolk County. The property is located in a Residence B zone, and Buckley purchased the property with the intention of building one residence on it. However, he subsequently decided to subdivide the property in order to build two residences, one for himself and one for his mother-in-law. Buckley filed an application with the Village of Amityville Planning Board (hereinafter the Planning Board) for approval to subdivide the property, and he subsequently filed an application with the Village of Amityville Zoning Board of Appeals (hereinafter the Zoning Board) for an area variance to reduce the frontage requirements of the two proposed nonconforming parcels from the required 75 feet to 70 feet.

The Planning Board held a public hearing on the subdivision application. The evidence submitted to the Planning Board established that the property, which measured 134 feet by 140 feet, would be divided into two lots of 70 feet by 134 feet. The square footage of each subdivided lot would exceed the minimum required lot size in a Residence B district. However, the street frontage of each lot would be five feet short of the required 75 feet. Buckley presented evidence that 75% of the neighboring parcels were smaller than the proposed subdivided lots and that his plans for the single-family residences were comparable in style to those in the neighborhood. Neighboring property owners voiced their opposition to the subdivision based on concerns about congestion and preserving the character of the neighborhood. The Planning Board denied the application on the ground that the subdivided lots did not meet the 75-foot frontage requirement.

At the public hearing held on the application before the Zoning Board, Buckley presented evidence that each of the subdivided lots of 70 feet by 134 feet would be 25% larger than the 7,500 square feet required by the zoning code in that residential district and that each lot would be larger than most of the neighboring parcels. Furthermore, the street frontage on the vast majority of the lots in the neighborhood was less than 70 feet. Neighboring residents opposed the variance for much the same reasons offered at the Planning Board hearing. The Zoning Board denied the variance on the ground, *inter alia*, that "[g]ranting the requested variances in frontage on both proposed lots is in direct conflict with the purpose expressed by the Board of Trustees in upzoning the B District because it was too congested and larger lots were necessary".

The Supreme Court's judgment annulled the determinations of both the Planning Board and Zoning Board, and we now affirm. It is well settled that "the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record" (*Matter of Cowan v Kern*, 41 NY2d 591, 598; *see also, Matter of Fuhst v Foley*, 45 NY2d 441, 444). We conclude that there is an absence of substantial evidence to support the determinations.

The factors to be considered by the Planning Board pursuant to Village of Amityville Code § 24-7 included congestion in the streets, overcrowding of the land, orderly development of the land consistent with the structures in the surrounding area, and conservation of the value of the land. The evidence established that the subdivided lots would each exceed the required square footage of a Residence B lot and that the single-family residences to be built on each lot were in harmony with the surrounding neighborhood. No evidence that the proposed subdivision would have any adverse effects on the community was presented.

Regarding the area variance, the Zoning Board was required to "engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted" (*Matter of Sasso v Osgood*, 86 NY2d 374, 384; *see also*, Village Law § 7-712-b [3] [b]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan*, 251 AD2d 333; *Matter of Frank v Scheyer*, 227 AD2d 558). The evidence established that the requested frontage variance was de minimis, that the frontage on the neighboring lots was generally less than 70 feet and that the proposed use of the lots was in harmony with the surrounding neighborhood.

Furthermore, it appears that the Boards' determinations were impermissibly based, in part, on the generalized objections and concerns expressed at the hearings by members of the residential neighborhood (*see, Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan, supra; Matter of Michelson v Warshavsky,* 236 AD2d 406, 407; *Matter of C & B Realty Co. v Town Bd.,* 139 AD2d 510, 512).

The Planning Board contends that its determination should not have been annulled as it was based on Village of Amityville Code § 183-136, which provides that it is unlawful to subdivide a parcel into two lots if such subdivision will result in the creation of an undersized lot with respect to area and street frontage requirements, in the absence of a variance from the Zoning Board. In view of our determination that the Zoning Board must grant Buckley an area variance, the Planning Board's determination cannot be upheld. O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.