■ In the Matter of 450 SUNRISE HIGHWAY, L. L. C., c/o CHARLES J. BELANICH, Respondent, v TOWN OF OYSTER BAY et al., Appellants. [732 NYS2d 83] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay, dated May 21, 1999, which denied the petitioner's application for site plan approval, the appeal is from a judgment of the Supreme Court, Nassau County (Franco, J.), entered June 26, 2000, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly annulled the determination of the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the ZBA). While scientific or expert testimony is not required in every case to support a determination of a zoning board, a zoning board may not base its decision solely upon generalized community objections (*see, Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002; *Matter of Holbrook Assocs. Dev. Co. v McGowan,* 261 AD2d 620, 621-622; *Matter of Chernick v McGowan,* 238 AD2d 586, 587; *Matter of Gordon & Jack v Peterson,* 230 AD2d 856, 857; *Matter of Framike Realty Corp. v Hinck,* 220 AD2d 501, 502; *Matter of Huntington Health Care Partnership v Zoning Bd. of Appeals,* 131 AD2d 481, 482). Here, the ZBA was improperly influenced by community pressure in making its determination. The generalized complaints of the residents and the findings of the ZBA were uncorroborated by any empirical data or expert testimony and were therefore insufficient to counter the expert testimony presented by the petitioner. Thus, the determination of the ZBA was not supported by substantial evidence. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.