■ In the Matter of GREGORY PECORARO, Respondent-Appellant, v BOARD OF APPEALS OF TOWN OF HEMPSTEAD, Appellant-Respondent. [757 NYS2d 787] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead, dated June 20, 2001, which, after a hearing, denied the petitioner's application for an area variance, the Board of Appeals of the Town of Hempstead appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 6, 2002, which annulled the determination and remitted the matter to it for an additional hearing, and the petitioner cross-appeals from so much of the same order as remitted the matter for an additional hearing.

Ordered that on the Court's own motion, the notice of appeal and notice of cross appeal are deemed to be applications for leave to appeal and cross-appeal, and leave is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof remitting the matter to the appellant for an additional hearing and substituting therefor a provision directing the Board of Appeals of the Town of Hempstead to is-

sue the area variance; as so modified, the order is affirmed, with costs to the petitioner.

The Supreme Court properly annulled the determination. Although the petitioner's difficulty was self-created, and the requested area variance was, arguably, substantial, there was no evidence presented that granting the variance would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of 450 Sunrise Highway v Town of Oyster Bay,* 287 AD2d 714 [2001]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333 [1998]). In fact, there are 12 lots that do not comply with the lot area zoning requirements within a 200-foot radius of the subject parcel (*see Matter of Easy Home Program v Trotta,* 276 AD2d 553 [2000]). The generalized complaints of neighboring property owners, upon which the Board based its determination, that the character of the neighborhood would be changed if the petitioner's application for an area variance were to be granted, were uncorroborated by any empirical data or expert testimony and were insufficient to counter the evidence presented by the petitioner (*see Matter of 450 Sunrise Highway v Town of Oyster Bay, supra; Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan, supra*). Accordingly, the denial of the area variance was arbitrary and capricious, and not supported by substantial evidence.

Contrary to the Supreme Court's holding, further proceedings before the Board based upon alternate house plans submitted by the petitioner to the Board on May 11, 2001, are not required because all of the evidence was adduced during the course of the hearing process. The May 11, 2001, alternate plans referred to by the court were considered by the Board prior to rendering its determination. Therefore, it was unnecessary to remit the matter to the Board for an additional hearing since its determination included findings of fact sufficient to permit informed judicial review (*see Matter of Levada v Board of Zoning Appeals of Inc. Vil. of Freeport,* 199 AD2d 504 [1993]). Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.