■ In the Matter of MERCEDES GONZALEZ, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF PUTNAM VALLEY, Appellant. [771 NYS2d 142]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Putnam Valley dated March 21, 2002, which, after a hearing, denied the petitioner's application, inter alia, for area variances, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated January 14, 2003, which granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Putnam Valley for the issuance of the requested variances subject to certain conditions.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly annulled that portion of the determination of the Zoning Board of Appeals of the Town of Putnam Valley (hereinafter the Zoning Board). Although the petitioner's difficulty arguably was self-created, there was no evidence that the grant of the variances would "have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 304 AD2d 761, 762 [2003]; *see Matter of 450 Sunrise Highway v Town of Oyster Bay*, 287 AD2d 714 [2001]; *Matter of Easy Home Program v Trotta*, 276 AD2d 553 [2000]; *Matter of Cassano v Zoning Bd. of Appeals of Inc. Vil. of Bayville*, 263 AD2d 506, 507 [1999]). The record reveals the existence of several substandard lots adjacent to, or across the street from, the subject parcel, and other nearby nonconforming garages, similar to that sought to be erected by the petitioner, some of which were granted area variances from the street setback requirements of the relevant zoning ordinance (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of 450 Sunrise Highway v Town of Oyster Bay, supra; Matter of Easy Home Program v Trotta, supra*). The generalized and unsubstantiated concerns of neighboring owners, upon which the Zoning Board based its determination, that

the character of the neighborhood would be detrimentally changed if the petitioner's application for variances was granted, were unsupported by any empirical data or expert testimony and were insufficient to counter the evidence presented by the petitioner (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of 450 Sunrise Highway v Town of Oyster Bay, supra; Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan,* 251 AD2d 333, 335 [1998]). Thus, we agree with the Supreme Court that the denial of the variances was arbitrary and capricious, and not supported by substantial evidence (*cf., Matter of Sasso v Osgood,* 86 NY2d 374, 384, n 3 [1995]; *Matter of Crystal Pond Homes v Prior,* 305 AD2d 595, 596 [2003]).

Furthermore, there is no merit to the Zoning Board's contention that its prior denials of two separate variance applications for the subject parcel bar the instant proceeding. The Zoning Board did not invoke the doctrine of res judicata as a ground for the denial of the petitioner's application. Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its determination (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758 [1991]; *Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y.,* 75 NY2d 997, 1000 [1990]). If the grounds relied upon by the agency are " 'inadequate or improper,' " a reviewing court is " 'powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis' " (*Matter of Montauk Improvement v Proccacino,* 41 NY2d 913 [1977], quoting *Securities & Exch. Commn. v Chenery Corp.,* 332 US 194, 196 [1947]). Thus, the issue of res judicata is not properly before this Court for review. In any event, the prior applications, one of which was actually granted conditionally, were either made by an applicant other than the petitioner or involved factually distinguishable proposals for constructing a garage on the subject parcel. Thus, the doctrine of res judicata is inapplicable to the petitioner's current application (*see Matter of Riina v Baum,* 300 AD2d 665, 666 [2002]; *Matter of Josato, Inc. v Wright,* 288 AD2d 384, 385 [2001]; *Matter of Peccoraro v Humenik,* 258 AD2d 465, 466 [1999]; *Kalpin v Accettella,* 160 AD2d 909 [1990]).

Since the petitioner did not appeal from the judgment we do not consider her request that the matter not be remitted to the Zoning Board. Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.