In the Matter of JOY BUILDERS, INC., Appellant, v WAYNE BALLARD, Respondent. [799 NYS2d 256]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent to issue a road excavation permit, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Bergerman, J.), dated June 16, 2004, which granted the respondent's motion to dismiss the petition, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion is denied, and the petition is reinstated; and it is further,

Ordered that the respondent's time to serve an answer to the petition is extended until 15 days after service upon him of a copy of this decision and order.

The petitioner, the owner of 18 lots within a subdivision, hired a subcontractor to install a sewer line connecting its lots to the main sewer line lying beneath a public street adjacent to the subdivision. The subcontractor submitted an application on behalf of the petitioner to the respondent, the Superintendent of Highways for the Town of Clarkstown, for a permit to excavate the public street for the purpose of connecting the sewer line. When the respondent failed to act on the application, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondent to issue the permit.

The remedy of mandamus is available "to compel the performance of a ministerial, nondiscretionary act where there is a clear legal right to the relief sought" (*Matter of Savastano v Prevost,* 66 NY2d 47, 50 [1985]; *see* CPLR 7803 [1]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]). Mandamus, however, "will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" (*Klostermann v Cuomo,* 61 NY2d 525, 539 [1984] [internal quotation marks omitted]; *see People ex rel. Hammond v Leonard,* 74 NY 443, 445 [1878]).

Clarkstown Town Code § 250-10 sets forth certain requirements concerning the form and content of an application for an excavation permit, and provides that "[u]pon compliance with

the foregoing requirements, a permit shall be issued" (Clarkstown Town Code § 250-10 [E]). Under this provision, the respondent had no authority to deny the petitioner a permit for any reason other than a failure to submit a proper application containing all required information (*cf. Walz v° Town of Smithtown,* 46 F3d 162, 168 [1995], *cert denied* 515 US 1131 [1995]). The respondent did not identify any provision, in the Town Code or elsewhere, that sets forth any additional criteria for determining whether to issue a permit or affords him any discretion in making such a determination. Accordingly, the issuance of an excavation permit was a ministerial, nondiscretionary act, and to the extent that the application submitted on behalf of the petitioner complied with the requirements Clarkstown Town Code § 250-10, the petitioner had a clear legal right to a permit.

The respondent argues that the petitioner is not entitled to a permit because the street under which it intended to install the sewer pipe running from the public street to its lots does not legally exist, despite its depiction on the original subdivision map, and because the petitioner did not own the property under which the sewer pipe would run. Those considerations are irrelevant in this proceeding, since the respondent had no discretion to withhold a permit on any grounds not set forth in Clarkstown Town Code § 250-10.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.