In the Matter of CHRIS BURCH et al., Appellants, v BRIAN L. HARPER, as Commissioner of the Suffolk County Department of Health Services, et al., Respondents. [863 NYS2d 780]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Brian L. Harper, as Commissioner of the Suffolk County Department of Health Services, to determine that the respondents County of Suffolk, Village of Southampton, and Trustees of the Freeholders and

Commonalty of the Town of Southampton are operating certain ocean beaches as "bathing establishments" in violation of, among other things, the Public Health Law, and to direct him to prohibit the continued operation of those "bathing establishments," the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), entered April 26, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In this CPLR article 78 proceeding, the petitioners seek, inter alia, to compel the respondent Brian L. Harper, as Commissioner of the Suffolk County Department of Health Services, to determine that the respondents County of Suffolk, Village of Southampton, and Trustees of the Freeholders and Commonalty of the Town of Southampton are operating certain ocean beaches as "bathing establishments" in violation of, inter alia, the Public Health Law and to direct him to prohibit the continued operation of those "bathing establishments."

The remedy of mandamus is available "to compel the performance of a ministerial, nondiscretionary act where there is a clear legal right to the relief sought" (*Matter of Savastano v Prevost,* 66 NY2d 47, 50 [1985]; *see* CPLR 7803 [1]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]; *Matter of Joy Bldrs., Inc. v Ballard,* 20 AD3d 534, 535 [2005]). Here, the allegations contained in the petition were insufficient to demonstrate that the respondents were operating a "bathing establishment" in violation of, inter alia, the Public Health Law. Since the allegations contained in the petition failed to establish a clear legal right to the relief sought, the Supreme Court properly denied the petition and dismissed the proceeding. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.