■ In the Matter of Douglas Eidt et al., Appellants, v City of Long Beach, Respondent. [878 NYS2d 445]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the City of Long Beach to pay supplemental disability allowances pursuant to General Municipal Law § 207-a (2), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Brandveen, J.), entered March 31, 2008, which granted the motion of the City of Long Beach pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the petition as time-barred, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the petition.

The petitioners are firefighters who were employed by the City of Long Beach, but are no longer on active duty. The petitioners each receive an accidental disability retirement allowance from the New York State Police and Fire Retirement System (see Retirement and Social Security Law § 363-c). Pursuant to General Municipal Law § 207-a (2), the petitioners each have the right to receive, from the City, the difference between "the amounts received under [their] allowance[s] . . . and the amount of [their] regular salary or wages" until they attain the mandatory service retirement age applicable to them or attain the age or perform the period of service specified by applicable law for the termination of their service. On June 19, 2007, the Long Beach City Council adopted a resolution which fixed the amounts of the supplemental disability allowances it would pay to the petitioners for the fiscal year 2007/2008, which commenced on July 1, 2007. After their receipt of the first allowances checks for fiscal year 2007/2008, the petitioners allegedly realized that the City was underpaying the amount of the supplemental disability allowances to which they were entitled pursuant to General Municipal Law § 207-a (2). Thereafter, the petitioners met with the City Comptroller to air their grievance and, by letter dated September 19, 2007, they formally demanded, inter alia, that the City pay "the proper amount owed." In a responsive letter dated October 12, 2007, the City Comptroller, inter alia, informed the petitioners that "the City is in full compliance with the obligations of [General Municipal Law] Section 207-a." On November 1, 2007, the petitioners commenced the instant CPLR article 78 proceeding seeking to compel the City to increase the amounts payed in connection

with their supplemental disability allowances in accordance with General Municipal Law § 207-a. The City moved to dismiss the petition as time-barred, contending that the proceeding was commenced more than four months after June 19, 2007, when the Long Beach City Council adopted the resolution fixing the amount of the allowances. The Supreme Court granted the motion and dismissed the proceeding. We reverse.

The petitioners correctly contend that this proceeding is in the nature of mandamus to compel, as opposed to certiorari to review. "[M]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought" (*Klostermann v Cuomo*, 61 NY2d 525, 539 [1984], quoting *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *see Matter of Joy Bldrs., Inc. v Ballard*, 20 AD3d 534, 535 [2005]). Here, the City had previously determined that the petitioners were entitled to supplemental disability allowances pursuant to General Municipal Law § 207-a (2), but allegedly failed properly to carry out the ministerial act of fully implementing the payment of such allowances. Accordingly, the remedy of mandamus is available to compel the City to act in accordance with the obligation imposed by that section of the statute.

CPLR 217 (1) provides that a proceeding against a body or officer must be commenced within four months "after the respondent's refusal, upon the demand of the petitioner . . . to perform its duty." Where, as here, the proceeding is in the nature of mandamus to compel, the statute begins to run when there has been a demand for compliance and a rejection thereof (*see Austin v Board of Higher Educ. of City of N.Y.*, 5 NY2d 430 [1959]). The City's "refusal" did not occur in the instant matter until October 12, 2007, when the City Comptroller issued the letter rejecting the petitioner's demand of September 19, 2007 (*see Matter of Van Aken v Town of Roxbury*, 211 AD2d 863, 864). Consequently, the petition, which was filed on November 1, 2007, or little more than two weeks after the City's refusal, was timely. Thus, the court should have denied the City's motion to dismiss the petition as time-barred.

The petitioners' remaining contentions need not be reached in view of our determination. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.