In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent New York State Division of Housing and Community Renewal to render an administrative determination as to the rent regulatory status of the building known as 151 Purchase Street in Rye, in which the petitioner alternatively seeks, pursuant to CPLR 103, in effect, to deem the petition to be a complaint and the proceeding to be an action for a judgment declaring that a resolution adopted by the City of Rye at a special meeting on February 25, 2006 was unconstitutional to the extent that it determined that the building known as 151 Purchase Street in Rye was subject to the Emergency Tenant Protection Act of 1974 (ETPA) (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576]), or to treat this proceeding as a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner Highland Hall Apartments, LLC, and the proposed petitioner, 151 Purchase Street Associates, LLC, appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), entered July 15, 2008, as granted those branches of the motion of the respondents City of Rye, Robert *679 Jackson, Michael McGuinn, Daniel Kressler, Doug Florin, Emily Florin, Alfred Vitiello, Matthew Thomas, Erica Metkiff, Mary Dirugeris, Ann Lodge, and William Thoesen which were pursuant to CPLR 3211 (a) (5) to dismiss the proceeding insofar as asserted against them on the grounds that it was time-barred and that the petitioner lacked standing to bring the proceeding, denied that branch of the cross motion of the proposed petitioner, 151 Purchase Street Associates, LLC, which was to be substituted for Highland Hall Apartments, LLC, as the petitioner, and dismissed the proceeding.
Ordered that the appeal by the petitioner from so much of the order and judgment as denied that branch of the cross motion of the proposed petitioner which was to be substituted in the proceeding is dismissed, as the petitioner is not aggrieved by that portion of the order and judgment (see CPLR 5511); and it is further,
Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the respondents City of Rye, Robert Jackson, Michael McGuinn, Daniel Kressler, Doug Florin, Emily Florin, Alfred Vitiello, Matthew Thomas, Erica Metkiff, Mary Dirugeris, Ann Lodge, and William Thoesen which was pursuant to CPLR 3211 (a) (5) to dismiss the proceeding insofar as asserted against them as time-barred and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the petition which was, in effect, to deem the petition to be a complaint and the proceeding to be an action for a judgment declaring that the resolution adopted by the City of Rye at a special meeting on February 25, 2006, is unconstitutional to the extent that it determined that the building known as 151 Purchase Street in Rye was subject to the Emergency Tenant Protection Act of 1974 (L 1974, ch 576) and substituting therefor a provision granting that branch of the petition, and (3) by deleting the provision thereof denying that branch of the cross motion of the proposed petitioner which was to be substituted for Highland Hall Apartments, LLC, as the petitioner, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order and judgment is affirmed insofar as reviewed, the petition is reinstated and converted into a complaint, and the proceeding is converted into an action for a judgment declaring that the subject resolution is unconstitutional to the extent that it determined that the building known as 151 Purchase Street in Rye was subject to the Emergency Tenant Protection Act, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the complaint; and it is further,
*680 Ordered that one bill of costs is awarded to the proposed petitioner payable by the respondents City of Rye, Robert Jackson, Michael McGuinn, Daniel Kressler, Doug Florin, Emily Florin, Alfred Vitiello, Matthew Thomas, Erica Metkiff, Mary Dirugeris, Ann Lodge, and William Thoesen, and one bill of costs is awarded to the respondent New York State Division of Housing and Community Renewal, payable by the petitioner and the proposed petitioner.
The petitioner Highland Hall Apartments, LLC (hereinafter Highland Hall) is the former owner of two buildings located at 131 Purchase Street and 151 Purchase Street, respectively, in the City of Rye. The building located at 131 Purchase Street has approximately 99 housing units, and the building at 151 Purchase Street has 10 housing units. In February 2006 the City adopted a resolution in which it declared that the Emergency Tenant Protection Act of 1974 (L 1974, ch 576) applied to the buildings owned by Highland Hall, specifically listed as 131 Purchase Street and 151 Purchase Street, which it defined together as the “Highland Hall Property.”
Subsequently, by letter dated December 2006, Highland Hall requested an administrative determination from the New York State Division of Housing and Community Renewal (hereinafter the DHCR) as to the rent regulatory status of the building located at 151 Purchase Street. In its request, Highland Hall contended, inter alia, that the resolution was unconstitutional as applied to the 151 Purchase Street building and that it should not apply to that building since it only contained 10 housing units. In May 2007 the DHCR Rent Administrator issued an order (hereinafter the DHCR order) finding that the DHCR lacked jurisdiction to entertain a challenge to the validity of the resolution. In June 2007 Highland Hall filed a petition for administrative review (hereinafter PAR) of the DHCR order. While the PAR was pending, Highland Hall conveyed the 151 Purchase Street building to the proposed petitioner 151 Purchase Street Associates, LLC (hereinafter Associates). In October 2007 the DHCR Deputy Commissioner determined that the Rent Administrator had properly concluded that the DHCR did not have jurisdiction to entertain a challenge to the validity of the resolution and denied the PAR.
On or about December 27, 2007 Highland Hall commenced the instant proceeding, requesting, inter alia, as alternative relief, that the proceeding be treated as a hybrid proceeding pursuant to CPLR article 78 to compel the DHCR to render an administrative determination as to the rent regulatory status of the 151 Purchase Street building and an action for a declaration *681 that the resolution was arbitrary, unreasonable, and unconstitutional to the extent that it determined that the 151 Purchase Street building was subject to the ETPA. Thereafter, the City and the individually-named respondents (hereinafter the tenants) moved to dismiss the petition on the grounds that Highland Hall lacked standing, the petition was untimely, and the petition failed to state a cause of action. In response, Associates cross-moved, inter alia, to be substituted for Highland Hall as the petitioner. After hearing oral argument, the Supreme Court granted the motion to dismiss on the grounds that the petition was time-barred by the four-month statute of limitations applicable to CPLR article 78 proceedings and that Highland Hall lacked standing, since it did not own the 151 Purchase Street building when it commenced the proceeding. The court also, inter alia, denied that branch of Associates’ cross motion which was to be substituted for Highland Hall as the petitioner, and determined that it did not have the authority to compel the DHCR to resolve the regulatory status of the 151 Purchase Street building since such action was not a ministerial function. Highland Hall and Associates appeal.
A CPLR article 78 proceeding is the proper vehicle for seeking review of the procedures followed in the adoption of a statute, law, or ordinance (see Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 202 [1987]). However, where the substance of the law, “its wisdom and merit” (Matter of Voelckers v Guelli, 58 NY2d 170, 177 [1983]), or its constitutionality, is challenged, then the proper procedure is to commence an action for a declaratory judgment (see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194 [1994]; P & N Tiffany Props., Inc. v Village of Tuckahoe, 33 AD3d 61, 64 [2006]). Contrary to the Supreme Court’s determination, a declaratory judgment action rather than a proceeding pursuant to CPLR article 78 is the proper vehicle for resolving the instant challenge to the resolution (see Matter of Huntington Hills Assoc., LLC v Town of Huntington, 49 AD3d 647, 648 [2008]; Matter of Jones v Amicone, 27 AD3d 465, 470 [2006]; see also Martin Goldman; LLC v Yonkers Indus. Dev. Agency, 12 AD3d 646, 648 [2004]). Accordingly, the Supreme Court should have determined that insofar as declaratory and injunctive relief was sought against the City and the tenants, this proceeding is governed by the six-year catch-all limitations period of CPLR 213 (1) and was timely interposed. Thus, that branch of the motion of the City and the tenants which was to dismiss the proceeding as time-barred should have been denied.
Since the proper vehicle to challenge the resolution is a *682 declaratory judgment action, the Supreme Court properly dismissed that branch of the petition which sought relief pursuant to CPLR article 78 in the nature of mandamus against DHCR. The remedy of mandamus is available “to compel the performance of a ministerial, nondiscretionary act where there is a clear legal right to the relief sought” (Matter of Savastano v Prevost, 66 NY2d 47, 50 [1985]; see CPLR 7803 [1]; Matter of Burch v Harper, 54 AD3d 854, 855 [2008]; Matter of Joy Bldrs., Inc. v Ballard, 20 AD3d 534 [2005]). Moreover, the act sought to be compelled must be based upon a “specific statutory authority mandating performance in a specified manner” (Matter of Peirez v Caso, 72 AD2d 797 [1979]). Pursuant to the ETPA, DHCR is designated as the sole administrative agency to administer the regulation of residential rents as provided in the ETPA after a municipality has declared the existence of a housing emergency (see McKinney’s Uncons Laws of NY § 8628 [a]). However, the ETPA does not provide DHCR with the authority to review the validity of or annul a municipality’s resolution or declaration implementing the ETPA.
As Highland Hall, in effect, conceded, it lacked standing since it did not own the 151 Purchase Street building at the time of commencement of this proceeding. Consequently, the present owner of the building, Associates, cross-moved, inter alia, to be substituted as petitioner for Highland Hall. “[A]n amendment which would shift a claim from a party without standing to another party who could have asserted that claim in the first instance is proper since such an amendment, by its nature, does not result in surprise or prejudice to the defendants who had prior knowledge of the claim and an opportunity to prepare a proper defense” (JCD Farms v Juul-Nielsen, 300 AD2d 446 [2002] [internal quotation marks omitted]; see Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is., 57 AD3d 907, 908 [2008]; Fulgum v Town of Cortlandt Manor, 19 AD3d 444, 446 [2005]). Consequently, the Supreme Court should have granted that branch of the cross motion which was for that relief. Rivera, J.P., Skelos, Balkin and Leventhal, JJ., concur.