■ In the Matter of ADAM J. FILIPOWSKI et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF GREENWOOD LAKE, Respondent. [909 NYS2d 530]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Greenwood Lake dated September 18, 2008, which, after a hearing, denied the petitioners' application for several area variances, the petitioners appeal (1) as limited by their brief, from stated portions of an order of the Supreme Court, Orange County (Owen, J.), dated April 23, 2009, which, inter alia, granted that branch of the motion of the Zoning Board of Appeals of the Village of Greenwood Lake which was to dismiss the petition pursuant to CPLR 3211 (a) and CPLR 7804 (f) on

the grounds of res judicata and collateral estoppel, and (2) a judgment of the same court entered May 21, 2009, which, upon the order, dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, that branch of the motion of the Zoning Board of Appeals of the Village of Greenwood Lake which was to dismiss the petition pursuant to CPLR 3211 (a) and 7804 (f) on the grounds of res judicata and collateral estoppel is denied, the petition is reinstated, the order is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for a determination on the merits of the petition after the Zoning Board of Appeals of the Village of Greenwood Lake has been afforded an opportunity to answer the petition; and it is further,

Ordered that the time of the Zoning Board of Appeals of the Village of Greenwood Lake to answer the petition is extended until 20 days after service upon it of a copy of this decision and order.

The appeal from the order must be dismissed as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see CPLR 5701 [b] [1]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a]).

The Supreme Court improperly dismissed the proceeding on the grounds of res judicata and collateral estoppel. The Zoning Board of Appeals of the Village of Greenwood Lake (hereinafter the Zoning Board) did not rely upon its prior denial of the appellants' variance application for the subject property or explicitly invoke the doctrine of res judicata or collateral estoppel as the basis for the denial of the appellants' application. Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]; Matter of Aronsky v Board of Educ., Community School Dist. No. 22 of City of N.Y., 75 NY2d 997, 1000 [1990]). Moreover, "[i]f the grounds relied upon by the agency are inadequate or improper, a reviewing court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val., 3 AD3d 496, 498 [2004] [internal quotation marks omitted]). Consequently, the issues of res judicata and collateral estoppel were not properly before the Supreme Court for review.

In light of the foregoing, the matter must be remitted to the Supreme Court, Orange County, for a determination on the merits of the petition (*see Matter of Eidt v City of Long Beach,* 62 AD3d 793 [2009]), after the Zoning Board is afforded an opportunity to answer the petition and file the administrative return (*see* CPLR 7804 [f]; *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County,* 63 NY2d 100, 102-104 [1984]; *Matter of Smiler v Board of Educ.,* 15 AD3d 409, 410 [2005]).

The parties' remaining contentions are without merit. Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.