In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the South Farmingdale Fire District dated May 12, 2010, which denied the petitioner’s application for disability retirement benefits pursuant to a service awards program for the volunteer firefighters of the South Farmingdale Fire District, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Sher, J.), dated July 25, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
The agency determination under review was not made after a quasi-judicial evidentiary hearing. Thus, we review the determination under the standard set forth in CPLR 7803 (3), and consider only whether the determination was made in violation of lawful procedure, was affected by an error of law, was arbitrary and capricious, or was an abuse of discretion (see Matter of Ward v City of Long Beach, 20 NY3d 1042 [2013]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). Under this standard, courts “examine whether the action taken by the agency has a rational basis” and will overturn that action only “where it is ‘taken without sound basis in reason’ or ‘regard to the facts’ ” (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]), or where it is “arbitrary and capricious” (Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038 [2010]).
Here, contrary to the petitioner’s contention, the determination of the Board of Fire Commissioners of the South Farming-dale Fire District (hereinafter the Board) denying his application for disability retirement benefits pursuant to a service awards program for the volunteer firefighters of the South *800 Farmingdale Fire District (hereinafter the District) had a rational basis and was not arbitrary and capricious. The petitioner failed to demonstrate that the District’s physician had confirmed his total and permanent disability, as required by the Length of Service Awards Program Master Plan. The Board’s decision to rely on the conclusion of the District’s physician that the petitioner was capable of performing administrative duties did not render its determination arbitrary and capricious, or lacking in a rational basis. The physician’s conclusion was supported by evidence in the record demonstrating that the petitioner had been discharging the responsibilities of a fire commissioner on the Board during the relevant time period.
The petitioner’s remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
The Board’s allegations of self-dealing are not properly before this Court (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758 [1991]; Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 832 [2010]). Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.