■ In the Matter of PEDRO RODRIGUEZ et al., Appellants, v DAVID P. WEISS et al., Respondents. [49 NYS3d 902]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated April 20, 2012, which, after a hearing, denied so much of the petitioners' application as sought to renew a use variance without the condition that the subject property be owner-occupied, the petitioners appeal from a judgment of the Supreme Court, Nassau County (McCormack, J.), entered March 27, 2013, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Appeals of the Town of Hempstead for a determination on the merits of so much of the petitioners' application as sought to renew the use variance without the condition that the subject property be owner-occupied.

The petitioners own real property in the Town of Hempstead which is improved with a two-family residential dwelling (hereinafter the subject property). They submitted an application to the Board of Appeals of the Town of Hempstead (hereinafter the Board) to renew a use variance allowing the subject property to be used as a two-family dwelling without the condition that the subject property be owner-occupied. The Board renewed the variance, but denied so much of the application as sought renewal without the condition that the subject property be owner-occupied. Instead, the Board renewed the variance on the condition that at least one apartment at the subject property must be owner-occupied at all times. The petitioners commenced this CPLR article 78 proceeding to review the determination denying so much of their application as sought renewal without the condition that the subject property be owner-occupied. The Supreme Court, in effect, denied the petition and dismissed the proceeding.

The Supreme Court improperly, in effect, denied the petition

and dismissed the proceeding after reviewing the merits of the subject portion of the petitioners' application. In considering the petitioners' request to renew the use variance allowing the subject property to be used as a two-family dwelling without the condition that the subject property be owner-occupied, the Board did not reach the merits of that portion of the application. Instead, the Board relied upon the doctrine of res judicata to deny the petitioners' request for renewal of the use variance without an owner-occupied condition and stated that, as a result, it was not engaging in an analysis of the merits of imposing an owner-occupied condition, which had been rendered academic. On appeal, the parties do not challenge the court's determination that the Board's reliance upon the doctrine of res judicata was improper.

However, upon concluding that the Board improperly invoked the doctrine of res judicata, the Supreme Court should not have then analyzed the merits of the subject portion of the petitioners' application. "Judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (*Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d 831, 832 [2010]; *see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]; *Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 498 [2004]; *Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals*, 293 AD2d 679, 681 [2002]; *see e.g. Matter of AAA Carting & Rubbish Removal, Inc. v Town of Clarkstown*, 132 AD3d 857, 858 [2015]). "If the grounds relied upon by the agency are inadequate or improper, a reviewing court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (*Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d at 498 [internal quotation marks omitted]; *see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d at 832). Consequently, since the Board did not review the merits of the subject portion of the petitioners' application, those merits were not properly reviewed by the court.

In light of the foregoing, the matter must be remitted to the Board for a determination on the merits of so much of the petitioners' application as sought to renew the use variance without the condition that the subject property be owner-occupied (*see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake*, 77 AD3d at 833), and we need not address the parties' remaining contentions. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.