Matter of Barry Nathan II LLC v Niblack (2025 NY Slip Op 50528(U))

[*1]

Matter of Barry Nathan II LLC v Niblack

2025 NY Slip Op 50528(U)

Decided on April 11, 2025

Supreme Court, Kings County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
Supreme Court, Kings County

In the Matter of the Application of Barry Nathan II, LLC, Petitioner, 
 For a Judgment under Article 78 of the Civil Practice Law and Rules

against
Preston Niblack, in his capacity as THE COMMISSIONER OF FINANCE OF THE CITY OF NEW YORK, and CITY OF NEW YORK, Respondents.

Index No. 523992/24

Plaintiff was represented by Scott Goldberg, Esq. of Goldberg & Bokor, LLP
Respondents were represented by Malinda Serderquist, Esq. of Corporation Counsel of the City of New York

Lisa Lewis, J.

The following e-filed papers submitted and considered herein:
NYSCEF Nos.:
Petition, Notice of Petition, Memorandum of Law, Exhibits 1 - 10
Opposition, Answer and Exhibits 15 - 18
Reply and Exhibits 19 - 26
Upon the foregoing papers, petitioner Barry Nathan II, LLC seeks a judgment, under CPLR article 78, (1) vacating and reversing the May 13, 2024, final administrative determination of respondents, New York City Department of Finance ("DOF"), which denied petitioner's request to apply statutory limitations to the increases of the assessments on petitioner's property as set forth in Real Property Tax Law [RPTL] §1805 (2), and (2) requiring respondents to recalculate the assessments and real property tax charges for the property from fiscal year 2017 (July 1, 2016, to June 30, 2017) through fiscal year 2023 (July 1, 2022 to June 30, 2023).
RELEVANT BACKGROUND
Petitioner owns the subject property at 827 Nostrand Avenue in Brooklyn, which consists of a building containing 10 residential units and one commercial unit. As reflected in the Notice [*2]of Property Value (NOPVs) issued by the DOF since 2016, the subject property is classified as Tax Class 2 ("Primarily residential property with more than ten units") and Building Class C7 ("Walk-up apartments"). The NOPVs also properly indicate that the subject property contains 10 residential units and one non-residential unit. Petitioner argues respondents' failure to provide and designate the property as a subclass with fewer than 11 residential units is error. Petitioner contends that under RPTL §1805 (2), the assessed value of a residential property containing fewer than 11 residential units may not be increased by more than 8% in any one year and more than 30% over five years due to market changes. Petitioner asserts the subject property was erroneously classified and should have been assessed under RPTL §1805 (2).
On or about April 1, 2022, petitioner filed a "CLERICAL ERROR OR ERROR IN DESCRIPTION FORM" with respondents seeking a correction in the assessments. In its application, petitioner submitted, in pertinent part:
"The Property is a residential building that has 10 residential units and one commercial space. DOF has billed this property as a Tax Class 2 Property without capping protection as provided for under RPTL 1805 (2). Only the residential units should be counted.
The above is a clerical error in that the residential units are fewer than 11, as required by RPTL 1805 (2), qualifying the property for capping protection for increases of 8% per annum/30% per five years under RPTL 1805 (2). Counting the total number of units was incorrect.
Please correct this clerical error from fiscal year 2017 to fiscal year 2023. The property's assessments and taxes that are due should be recalculated by beginning with the actual assessed value in fiscal year 2016 of $245,250. Thereafter, the 8% per year/30% per five-year limitation, should be applied."
On May 13, 2024, respondents issued a determination denying petitioner's application. In its determination, respondent ruled:
"that the issues in your application do not warrant an adjustment of prior year/years assessments. We have determined that our current building and tax class are appropriate for the parcel for the years under review."
The instant Article 78 proceeding ensued. Petitioner reiterated its contention that respondents erred in counting the total number of units (residential plus commercial), as opposed to only counting the residential units, and by increasing petitioner's assessment without regard to the "capping protection" afforded under RPTL §1805 (2). 
LAW AND APPLICATION
As an initial matter and contrary to the respondents' contention, the challenge asserted by the taxpayer may be raised in this CPLR Article 78 proceeding (136-21 Hillside Ave., LLC v Niblack, 235 AD3d 961, 962 [2d Dept 2025] citing Matter of Block 3738 Construction Corp. v Niblack, 234 AD3d 955, 957 [2d Dept 2025] and Matter of Better World Real Estate Group v. New York City Dept. of Finance, 122 AD3d 27, 33 [2d Dept 2014]).
In an Article 78 proceeding, the court's review of an agency determination is limited to consideration of whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of London Leasing Ltd. Partnership v Division of Hous. & Community Renewal, 98 AD3d 668, 670 [2d Dept 2012]; Matter of Halperin v City of New Rochelle, 24 [*3]AD3d 768, 770 [2d Dept 2005]). In such a proceeding, courts "examine whether the action taken by the agency has a rational basis," and will overturn that action "where it is 'taken without sound basis in reason' or 'regard to the facts'" (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]).
On its face, the respondents' determination does not have a rational basis and was issued without regard to the facts. It is clear from the undisputed documentary proof submitted, including the NOPVs, that the subject property contained fewer than 11 residential units and was therefore subject to the limitations on assessed value set forth in RPTL §1805 (2). In its answer and memorandum of law in opposition, respondents ostensibly concede that the subject property was incorrectly assessed as a building with more than 10 residential units and without regard to the statutory cap set forth in RPTL §1805 (2), and expressly "does not object to the portion of the Petition seeking to reclassify tax years 2021/22 and 2022/23" (Respondents' Answer, NYSCEF Doc No 15, ¶ 29). 
With respect to the other tax years, respondents contend petitioner entered settlement agreements with the Tax Commission which bars petitioner from judicial review of the tax assessments for all tax years covered by the settlement agreements. Specifically, respondents note that petitioners entered settlement agreements with the Tax Commission and received tax reductions for tax years 2018/19 and 2020/21. As a condition, petitioner agreed to waive its rights "to further review of the current and prior assessments, including further review of claims relating to determinations by the Department of Finance of exemption and classification." Respondents argue, petitioner therefore waived any further claims to review the assessments for the tax years 2016/17 through 2020/21. Respondents rely on two decisions from the Appellate Division, First Department, Matter of 174th TIC Owner LLC v Niblack, (231 AD3d 401 [1st Dept 2024]) and Matter of Oversight Mgt. Servs., LLC v Soliman (220 AD3d 445 [1st Dept 2023], lv denied 41 NY3d 910 [2024]), wherein the court alluded to similar tax settlement agreements in affirming lower court decisions denying the petitioners' Article 78 petitions.
It is well settled that "judicial review of an administrative determination is limited to the grounds invoked by the agency in making its decision" (Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake, 77 AD3d 831, 832 [2d Dept 2010] [citations omitted]). "Moreover, '[i]f the grounds relied upon by the agency are inadequate or improper, a reviewing court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis'" (id., quoting Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val., 3 AD3d 496, 498 [2d Dept 2004] [internal quotation marks omitted]; see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982] ["A fundamental principle of administrative law long accepted by this court limits judicial review of an administrative determination solely to the grounds invoked by the agency, and if those grounds are insufficient or improper, the court is powerless to sanction the determination by substituting what it deems a more appropriate or proper basis"]).
In this matter, respondents made no mention of the settlement agreements in its decision rejecting review of the assessments, but rather stated in conclusory fashion that it "found that the original combination of assessment, exemption, and lot characteristics will remain unchanged for the years indicated on [petitioner's] filing;" that "the issues in [petitioner's] application do not warrant an adjustment of prior year/years assessments;" and that the DOF's "current building and [*4]tax class are appropriate for the parcel for the years under review." Because respondents did not raise the settlement agreements as a ground for denial of petitioner's request for review of the assessments, the court may not consider this ground in upholding the determination, which is facially without sound factual basis and thus arbitrary and capricious.
The First Department cases respondents cite do not necessitate a different result since those decisions do not address whether respondents raised the settlement agreements in its underlying determinations. In this matter, any consideration by this court of the respondents' settlement agreement argument, raised for the first time in the instant Article 78 proceeding, would run counter to established principles of administrative law annunciated by the Court of Appeals and the Second Department.
The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.
Accordingly, it is hereby
ORDERED that the petition is granted; and it is further
ORDERED that the Respondent's final determination dated May 13, 2024, determination is vacated and annulled; and it is further
ORDERED that the Petitioner's application for tax assessment and reclassification are hereby granted; that the subject property known as 827 Nostrand Avenue, Block and Lot (BBL): Kings County, Block: 1276, Lot: 5 is subject to the statutory limitations on assessment increases as provided under RPTL §1085 (2); and it is further
ORDERED that Respondents are directed to correct the clerical error and error of description to reflect said reassessment and reclassification, recalculate the assessment and taxes for the subject property from fiscal year 2017 (July 1, 2016 to June 30, 2017) through fiscal year 2023 (July 1, 2022 to June 30, 2023), in accordance with the subject property's building and tax classifications, RPTL 1805 (2), and all other relevant statutes and regulations and to refund or credit the difference to Petitioner; and it is further
ORDERED that the Clerk shall mark the Court's records accordingly.
The foregoing constitutes the decision, order and judgment of the court.
E N T E R,
J. S. C.